FLORENCE JONES *vs.* JOHN KAILENTA.

HAROLD JONES *vs.* JOHN KAILENTA.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 9th—decided December 7th, 1933.

*Charles F. James,* with whom, on the brief, was *Arthur M. Brown,* for the appellant (defendant).

*John F. Gallagher* of Westerly, Rhode Island, for the appellees (plaintiffs).

PER CURIAM. The evidence warranted a finding that the defendant suddenly brought his car to a stop in the traveled portion of the highway, and that he did so without giving any signal or warning a sufficient length of time in advance of the act of slackening or stopping to be of service to the drivers of other cars following in the same direction. *Andrew* v. *White Bus Line Corporation,* 115 Conn. 464, 468, 161 Atl. 792; General Statutes, § 1644. Therefore the conclusion that the defendant was negligent must stand.

The finding, after all admissible corrections, discloses a fact situation bearing upon claimed contributory negligence of the plaintiff driver, Harold Jones, substantially as follows: The defendant's car, next behind it an automobile bearing Ohio markers, and

then the plaintiff's car were traveling westerly on a straight concrete highway, one hundred to one hundred and twenty-five feet apart and at a speed of thirty to thirty-five miles per hour. Upon the sudden stopping of the defendant's automobile the Ohio car turned sharply to its left and passed it. View of the defendant's car by Jones was obscured by the Ohio car until it so turned, he did not until then become aware that the defendant's car had stopped in his path, and by that time he had come within fifty feet of it. When so confronted by its presence he also turned to pass it on the left but perceived that eastbound traffic was then so close that he could not do so without danger of collision. Thereupon he applied his brakes and turned back to the right, colliding with the rear of the defendant's car. Under the circumstances the plaintiff driver could reasonably be regarded as not having created or materially contributed to the emergency which he encountered and the trial court was not precluded from concluding, as it did, that his conduct during the few seconds intervening between his first knowledge of that emergency and the collision did not constitute contributory negligence.

There is no error on either appeal.