WILLIAM SHANLEY *v.* CONNECTICUT COMPANY.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued April 6—decided May 5, 1939.

*William H. Comley,* for the appellant (defendant).

*Philip Reich,* with whom, on the brief, were *Edward Schine* and *Samuel Reich,* for the appellee (plaintiff).

BROWN, J. The plaintiff, who was driving a motor truck following that of the defendant in a line of traffic, was injured by a collision with the rear of the defendant's truck, alleged to have been caused by its driver's negligence in suddenly stopping without giving any signal. The jury rendered a verdict for the plaintiff, and from the court's denial of the defendant's motion to set it aside, the defendant has appealed. The jury could reasonably have found the following facts. At about 4.30 p.m. on September 29, 1936, the defendant by its agent was driving its three ton truck with covered body, northerly on the wet, smooth, hard pavement of Iranistan Avenue in Bridgeport, just south of its intersection with Black Rock Avenue, at a speed of between fifteen and twenty miles per hour. The plaintiff was driving a one-ton dump motor truck right behind the defendant's truck at an interval of about twelve feet from it and was proceeding at approximately the same speed. Without giving any signal to indicate his intended action, the defendant's driver swung the front of its truck slightly to the left and stopped abruptly. There was nothing ahead to prevent its continuing straight along, but the driver was about to cut across to the left side of the street to make a delivery when he discovered a bus approaching from the north which precluded this. Before the plaintiff could turn to the right or otherwise avoid it, the front end of his truck collided with the rear of the defendant's truck, and the plaintiff was injured by the impact. Immediately thereafter, each of the two cars following behind the plaintiff's truck in the same line of traffic, collided with the vehicle next ahead of it.

The jury's right to find these facts, leaves no doubt that they were justified in concluding that the act of the defendant's driver in stopping as he did without

giving the signal required by General Statutes, Cum. Sup. 1935, § 637c, constituted actionable negligence. *Amato* v. *Desenti,* 117 Conn. 612, 615, 169 Atl. 611; *Jones* v. *Kailenta,* 117 Conn. 691, 169 Alt. 919; *Andrew* v. *White Bus Line Corp.,* 115 Conn. 464, 467, 161 Atl. 792. Recognizing this, the defendant's only claim is that upon the evidence the jury were unwarranted in finding that the plaintiff was free from contributory negligence. The sole question therefore upon this appeal is whether the plaintiff in driving so close to the defendant's truck that, as above stated, he was unable to avoid a collision when it stopped as it did, was contributorily negligent as a matter of law and so was not entitled to a verdict in this action.

The defendant argues generally that stops so sudden as to make a warning signal of no avail are an incident of motor traffic in a city, which every driver must anticipate, especially upon approaching an intersection; and in particular that even though the defendant was negligent, the plaintiff by following at a speed of from fifteen to twenty miles per hour only twelve feet behind its truck rendered it physically impossible for him to stop without colliding, and therefore the jury could not reasonably have found otherwise than that this behavior was a substantial factor in producing the collision, precluding recovery. In support of its argument the defendant relies upon a claimed rule of law which it thus states: "Notwithstanding the negligence of the driver of the leading car, . . . there is imposed upon the driver of the following vehicle the duty of having his vehicle under such control as to be able to stop in time to prevent running into the car ahead in case it comes to a sudden stop in an emergency." Passing the fact that the jury could properly have found that the defendant's stop was not made "in an emergency" in the present case,

and the further fact that in view of the time involved in stopping the defendant's truck it is by no means certain that had proper signal been given by its driver it would have been physically impossible for the plaintiff to have stopped without colliding, it is our conclusion that no rule which makes this plaintiff's conduct negligence as a matter of law as claimed by the defendant, should be applied in this case. It is true that there are decisions which give some support to the rule for which the defendant contends. *Larpenteur* v. *Eldridge Motors, Inc.*, 185 Wash. 530, 534, 55 Pac. (2d) 1064; *Riccio* v. *Ginsberg*, 49 R. I. 32, 34, 139 Atl. 652; *Fuld* v. *Maryland Casualty Co.* (La. App.) 178 So. 201; *Lelar* v. *Quaker City Cabs, Inc.*, 108 Pa. Super. 15, 18, 164 Atl. 105. See also 5 Am. Jur. 657, § 281; 104 A. L. R. 485, note; 62 A. L. R. 971, note; 47 A. L. R. 703, note; 24 A. L. R. 508, note. We are satisfied, however, that the fairer and the better rule is that the duty resting upon the following driver is that of reasonable care under the circumstances, and that the question of whether he has used such care is ordinarily a question of fact to be determined by the trier.

Practical reasons for the application of this, rather than the rule claimed by the defendant, are well stated by the New Jersey court in deciding a similar case: "For the appellants it is strenuously urged that the plaintiff by riding behind the moving truck within a distance of eight to twenty feet was guilty of negligence per se. The adoption of such a view would result in disastrous consequences to public travel, by preventing the free use of our public roads for all kinds of vehicular traffic and materially impede the proper running of vehicles for both business and pleasure. For it is a matter of common knowledge that conditions of traffic often become such that vehicles

are much closer to each other than eight feet, and, therefore, must be run and guided as to their speed by the vehicles ahead, and to denounce such conduct as negligent per se cannot be justified in good sense. The mere fact that a vehicle is moving in close proximity to a moving vehicle ahead and keeping up with it does not of itself constitute negligent conduct per se, but whether or not it was the negligence of the operator of the rear vehicle contributing to the negligence of the driver ahead in case of an accident to the former, depends upon all the circumstances surrounding the happening of the accident, and almost invariably presents questions of fact for the decision of the jury." *Simpson* v. *Snellenburg*, 96 N. J. L. 518, 520, 115 Atl. 403. Other decisions to the same effect are: *Cardell* v. *Tennessee Electric Power Co.*, 79 Fed. (2d) 934, 936; *Gornstein* v. *Priver*, 64 Cal. App. 249, 255, 221 Pac. 396; *Harnik* v. *Astoria Mahogany Co., Inc.*, 127 Misc. R. 41, 215 N. Y. S. 219, 220. See also 42 C. J. 950, § 672, and cases cited in the notes in A. L. R. above stated.

While the precise factual situation here presented has not been involved in any decision by this court, our above conclusion is in accord with the principle repeatedly applied upon facts sufficiently similar to afford a helpful analogy. Thus, where the plaintiff's automobile collided with the defendant's truck which was stationary on the highway at night without lights, we rejected the defendant's claim that as a matter of law the plaintiff should not have proceeded at a speed faster than would have permitted him to stop "within the space covered by the visibility (to him as driver) of any object or obstruction," holding that the trial court was warranted in finding as it did for the plaintiff upon the basis that he had exercised reasonable care under the circumstances. *Rozycki* v. *Yantic*

*Grain & Products Co.*, 99 Conn. 711, 716, 122 Atl. 717. See also *Seregi* v. *Kendzierski*, 123 Conn. 402, 404, 195 Atl. 605. Again, where a pedestrian was run down by a trolley car, we held that the court properly refused a request to charge that "it was the duty of the motorman when driving at night to have his car under such control as to be able to timely stop it within the limits of his vision," observing that we do not recognize this rule of law, but apply as the test of duty that of the reasonably prudent man under the circumstances. *Sacks* v. *Connecticut Co.*, 109 Conn. 221, 230, 146 Atl. 494. And, where there was evidence that a defendant was driving her car at twenty-five miles per hour at night on a slippery road down grade following fifty feet behind the plaintiff's car proceeding at the same speed, that the plaintiff's car slowed to seven or eight miles an hour which the defendant first discovered when thirty-five feet away, and that she thereupon applied her brakes and skidded ten or fifteen feet resulting in the collision, we held that the jury were warranted in finding that the defendant was not negligent. *Baum* v. *Atkinson*, 125 Conn. 72, 75, 3 Atl. (2d) 305. In the present case the court, in holding that whether the plaintiff was contributorily negligent was a question of fact for the jury's determination upon all of the circumstances of the case, applied the correct rule. It therefore properly denied the motion to set aside the verdict.

There is no error.

In this opinion the other judges concurred.