STATE OF CONNECTICUT *v.* EDITH WHITE

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CR 12-2027

Argued January 11—decided March 26, 1963

*Waldemar J. Lach,* of Hartford, for the appellant (defendant).

*James D. Mirabile,* assistant prosecuting attorney, for the appellee (state).

KOSICKI, J. The defendant has appealed from a conviction of wilfully evading payment of a bridge toll in violation of § 13-100. In lieu of a finding, the facts have been stipulated but not made part of the record by the court. This does not constitute a finding of facts as required by our rules. *State* v. *Cohn,* 24 Conn. Sup. 232, 235; *Phoenix Ins. Co.* v. *Carey,* 80 Conn. 426, 434. There was a trial in this case, and a transcript of the evidence has been filed. The appeal should have been accompanied by a finding of facts by the trial court. Counsel cannot usurp the function of the court and determine, by stipulation, what facts were found or what conclusions were reached. Such practice is not approved.

All steps in the appellate procedure must be taken with the knowledge and under the supervision of the trial judge. We consider the appeal only because such irregularity as appears in the procedure was innocently adopted by both parties and the question presented has been reduced to one of law. The only assignment of error is whether, upon the agreed facts, which do not in any way depart from the evidence, the defendant was found guilty beyond a reasonable doubt.

Charter Oak Bridge is a toll bridge over the Connecticut River connecting Hartford and East Hartford. The tollgates are situated at the east end of the bridge. The approach to the bridge from Hartford is via a nonaccess road with no means for turning on or off the road. On February 18, 1962, when the defendant set out from her residence in Hartford for a destination in East Hartford, there was considerable highway construction work in progress on the Hartford side. She had intended to use a toll-free bridge to the north of Charter Oak Bridge. Because of the detours necessitated by the highway construction, she became confused and followed a sign directing traffic to East Hartford. The sign did not show that the crossing was over a toll bridge. Before the approach to the bridge, there was a sign indicating a toll station ahead and also a turnoff to Hartford. The defendant chose to go toward East Hartford. Once committed to the bridge approach, she could not turn off nor turn back, because of the one-way traffic. At the toll station she was stopped by the attendant, refused to pay the toll and went through without paying it.

Her only contention amounts to this: she did not "wilfully" evade payment of the toll, because it was not her intention to use Charter Oak Bridge; having through mistake embarked on that route, she had no choice but to go through the tollgate.

Her argument is that the word "wilfully" as used in the statute means that there must be a guilty intent to evade the toll by knowingly using the bridge with the purpose of not paying the toll.

We consider that the cases cited by the defendant dealing with evil, guilty or malicious intent, and generally with mens rea, have no application here. The word "wilfully" as used in the statute means doing the prohibited act voluntarily, knowingly, and through an exercise of the will. What her intention may have been is of no consequence. She used the bridge and went through the tollgate with full knowledge that to do so without paying the toll was unlawful.

There is no error.

In this opinion PRUYN and JACOBS, Js., concurred.