STATE OF CONNECTICUT *v.* THOMAS TOBEY

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 13-5452

Argued December 16, 1963—decided April 2, 1964

*James C. Parakilas,* of Thompsonville, for the appellant (defendant).

*Seymour A. Rothenberg,* assistant prosecuting attorney, for the appellee (state).

PRUYN, J. The defendant was convicted in a trial to the court of following a motor vehicle too closely in violation of § 14-240 of the General Statutes. He has appealed, assigning as error the court's failure to correct the finding, its conclusions as not being supported by the subordinate facts, and the conclusion upon all the evidence that the defendant was guilty beyond a reasonable doubt.

Since no stenographic notes were taken at the trial, we do not consider the assignments of error which relate to the motion to correct the finding.

We take the finding as it is. Practice Book, 1963, §§ 963, 965; *Lang* v. *Marro,* 24 Conn. Sup. 128; *State* v. *Lounsbury,* 2 Conn. Cir. Ct. 329.

The record does not reveal the reason why stenographic notes of the proceedings of the trial were not taken. Subsequent to the court's finding, however, the parties agreed on the testimony of the various witnesses and filed with the court a stipulation containing a statement in narrative form of that testimony. Stipulations in respect to various aspects of an appeal have long been recognized in the appellate practice of this state. Maltbie, Conn. App. Proc. § 291. Such stipulations are expressly provided for in the Circuit Court rules relating to appeals to the Appellate Division when no transcript of the evidence is available. Practice Book, 1963, §§ 964-968. The rules specifically recognize agreements of counsel in respect to rulings on evidence (§ 966) and evidence in narrative form on a claim of error in respect to the verdict (§ 967). Although the rules are silent in respect to agreements as to testimony in cases tried to the court where no transcript is available, we conclude that such agreements are permissible. The agreement in the case before us was not approved and made a part of the record by the trial court, as generally required. Maltbie, loc. cit. We have disapproved such irregularity of procedure, saying: "All steps in the appellate procedure must be taken with the knowledge and under the supervision of the trial judge." *State* v. *White,* 2 Conn. Cir. Ct. 1, 2. We, however, dislike procedural technicalities. *Williams* v. *Citizens Utilities Co.,* 2 Conn. Cir. Ct. 227. As the interests of justice will be served by the agreement in this case, we shall consider the appeal.

Since the defendant has assigned error in the conclusion of the court on all the evidence that he

was guilty beyond a reasonable doubt, we consider the entire evidence. It concerns a four-car accident involving a rear-end collision, the first car having stopped to make a left turn, the second car having stopped behind the first car, and the fourth car, driven by the defendant, hitting the rear of the third car. The evidence was conflicting as to whether the third car was in motion coming to a stop or was stopped, and also as to what the distance was between the third car and the defendant's car. The trial court resolved this conflict by finding that the defendant's car was "immediately" behind the third car.

Section 14-240 of the General Statutes imposes on the operator of a motor vehicle the duty of not following another vehicle "more closely than is reasonable and prudent," having regard for certain conditions, specified therein. The determination whether the operator of a car which was following another was exercising reasonable and prudent care under the circumstances to avoid a rear-end collision is ordinarily to be made by the trier of the facts. *Shanley* v. *Connecticut Co.,* 125 Conn. 472, 475. The defendant argues that in order to follow a vehicle both vehicles must be moving and the operator of the following vehicle must see the followed vehicle moving. He cites in support of his argument *Lowell* v. *Daly,* 148 Conn. 266. That case is not in point; the court held not erroneous a charge that § 14-240 did not apply if the operator of the second car first saw or should have seen the first car when it was stopped at a stop sign. In the case before us, the defendant obviously had previously seen the third car, for he testified that he had been a quarter of a mile distant from the third car and that he saw it coming to a stop. The statute cannot within reason be limited to moving cars; there may be many occasions when the car ahead has stopped and the

car behind has been closer than is reasonable and prudent. There is no merit to the defendant's contention.

We cannot say that on all the evidence the conclusion of the court that the defendant was guilty beyond a reasonable doubt was erroneous.

There is no error.

In this opinion DEARINGTON and LEVINE, Js., concurred.