ETHEL E. MURPHY ET AL. v. STEVEN SORACCO

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued October 12, 1977—decision released January 10, 1978

*Morgan P. Ames,* for the appellant (named plaintiff).

*Noel R. Newman,* with whom, on the brief, was *Edgar W. Krentzman,* for the appellee (defendant).

LONGO, J. The plaintiff, Ethel E. Murphy, alleged in her complaint that on May 9, 1969, as a result of the negligence of the defendant, she was seriously injured while operating her husband's car on Park Avenue at its intersection with North Avenue in Bridgeport. She alleged and the defendant admitted that she stopped for a red traffic light signal, started to turn right when the light turned green, and stopped her car in response to a police officer's hand signal, whereupon her vehicle was struck in the rear by a car operated by the defendant. The case was tried to a jury which rendered a verdict in favor of the defendant.

The plaintiff has appealed from the judgment, assigning error in the denial of her motion to set aside the verdict as unsupported by the evidence, in rulings of the court, and in the charge relating to the issues of liability and damages. Since the jury found in favor of the defendant, absolving him from liability, unless we find error in that conclusion it is not necessary to consider the claimed errors relating to damages. Any such errors would be harmless. *Sears* v. *Curtis,* 147 Conn. 311, 313,

160 A.2d 742; *Attardo* v. *Connecticut Ry. & Lighting Co.*, 144 Conn. 741, 742, 132 A.2d 70; Maltbie, Conn. App. Proc. § 95. Since the defendant withdrew his special defense of contributory negligence we consider only the errors assigned to the court's charge on liability, and the refusal of the court to set aside the verdict.

The trial court in its charge fully instructed the jury as to the rules of law relating to proximate cause and negligence in the operation of motor vehicles, and explained the various specifications of negligence[1] alleged by the plaintiff in her complaint. The sole exception taken was to that portion of the charge[2] relating to control of a motor vehicle where the court included the following statement: "A person is not required to have his or her car under what might be called absolute control so that he or she can instantaneously stop it or deflect its course in any direction." The plaintiff claims the court erred in so charging the jury, and that the plaintiff was severely prejudiced by the instruction.

---

[1] The court's charge contained explanations pertaining to following too closely, failure to keep a proper lookout and control, failure to apply the brakes timely, failure to turn the vehicle to the left and failure to stop in time to avoid the collision. The charge as given was correct, adapted to the issues and furnished a sufficient guide to the jury.

[2] "The next claim of common law negligence is that the defendant failed to maintain proper control of his vehicle under the prevailing highway conditions and weather circumstances. The operator of an automobile must have it under reasonable and proper control at all times, and when reasonable care requires reduce its speed or bring it to a stop or turn out to avoid colliding with a person or property of other persons on the highway. The test is reasonable care under all of the circumstances. A person is not required to have his or her car under what might be called absolute control so that he or she can instantaneously stop it or deflect its course in any direction. What is required is that amount of control which a reasonably prudent person would have and would maintain under all of the surrounding circumstances as you find them to be."

She argues that under the circumstances of this collision where the jury could well have concluded from the evidence that the defendant's car was only a foot or two behind the plaintiff's car, at a busy, downtown intersection in five o'clock traffic, with school children and a traffic officer present, due care required the defendant to have his car under absolute control so as to be able to stop immediately to avoid rear-ending the car in front. The plaintiff provides no authority for this rule of law nor do we find any authority in the cases reported in this state.

"The court, in submitting to the jury the question of negligence, should, and if so requested must, state the standard of care which will measure up to the duty imposed by law upon the party alleged to have been negligent, under the circumstances of the case, leaving it to the jury to determine whether such care was exercised upon a specific occasion." 57 Am. Jur. 2d 427, Negligence, § 76. The test in determining whether the defendant was negligent is whether the defendant exercised that amount of care which a reasonably prudent person would use or exercise under the same circumstances. *Weimer* v. *Brock-Hall Dairy Co.*, 131 Conn. 361, 365, 40 A.2d 277. The test is external, not subjective; that is, the question is how would a person of ordinary prudence in such a situation have behaved, not how did the defendant in fact behave. Id., 367; see *Marfyak* v. *New England Transportation Co.*, 120 Conn. 46, 48, 179 A. 9. This analysis is particularly appropriate to the circumstances of the present action. The defendant admitted that he did not see the officer step out and put up his hand. The question confronting the jury was whether a person of ordinary prudence, seeing the plaintiff's car

immediately in front of him begin to move forward when the traffic light turned green, was warranted in expecting that the plaintiff would continue her forward motion and would not stop within three or four feet. The jury could reasonably have concluded that the defendant did not act unreasonably under the circumstances. The plaintiff was not entitled to a charge that due care required the defendant to have his car under absolute control. Such an instruction is tantamount to informing the jury that the defendant was negligent as a matter of law, and would have been erroneous. The charge must be read in its entirety and should be upheld if it is accurate in law, adapted to the issues and sufficient as a guide to the jury in reaching a correct verdict. *Lucier* v. *Meriden-Wallingford Sand & Stone Co.,* 153 Conn. 422, 426, 216 A.2d 818; *McKirdy* v. *Cascio,* 142 Conn. 80, 87, 111 A.2d 555; Maltbie, Conn. App. Proc. § 76. A verdict cannot be set aside if the jury could reasonably have found in accordance with the verdict which they rendered. *Goodman* v. *Norwalk Jewish Center, Inc.,* 145 Conn. 146, 154, 139 A.2d 812. The refusal of the trial court, which saw and heard the parties, to disturb the verdict is entitled to weighty consideration in this court. *Nally* v. *Charbonneau,* 169 Conn. 50, 57, 362 A.2d 494; *Kelly* v. *Bliss,* 160 Conn. 128, 131, 273 A.2d 873. We conclude that the trial court committed no error in refusing to set aside the verdict.

There is no error.

In this opinion the other judges concurred.