## Eugene Wrinn *v.* State of Connecticut et al. (12415)

Landau, Heiman and Freedman, Js.

Argued March 31—decision released August 16, 1994

*Karen L. Murdock,* with whom were *Wesley W. Horton* and, on the brief, *Michael Taylor,* certified legal intern, for the appellant (plaintiff).

*Philip F. von Kuhn,* for the appellee (named defendant).

LANDAU, J. In this negligence action, the plaintiff, Eugene Wrinn, appeals from the judgment of the trial court, rendered after a jury verdict, for the defendant state of Connecticut.[1] The plaintiff claims that the trial court improperly (1) denied the plaintiff's motion to set aside the verdict, (2) refused to charge the jury on the applicability of General Statutes § 14-240,[2] and (3) excluded questions at voir dire concerning prospective jurors' affiliations with insurance companies.

The jury reasonably could have found the following facts. On May 20, 1986, the plaintiff had been driving south on the Connecticut Turnpike, Interstate 95. He exited the highway in Norwalk at exit sixteen and stopped his vehicle behind another vehicle at a traffic signal at the end of the exit ramp. The weather was rainy and misty, and the road was wet. Vallerie Tyson, an employee of the state department of mental retardation, was operating a motor vehicle owned by the state in the ordinary course of her employment. Tyson entered the turnpike at exit fifteen and proceeded at a speed no greater than forty-five miles per hour between exits fifteen and sixteen. At exit sixteen, Tyson turned onto the exit ramp, and saw two vehicles ahead of her stopped at the traffic signal at the end of the ramp. As she slowed her vehicle it began to slide. Although Tyson attempted to avoid a collision, the vehicle collided with the rear of the plaintiff's vehi-

[1] The plaintiff also named Vallerie Tyson, an employee of the state of Connecticut, as a defendant. On October 31, 1988, the court granted the motion filed by the defendant state of Connecticut and the defendant Vallerie Tyson to strike the complaint as to Tyson.

[2] General Statutes § 14-240 (a) provides: "No driver of a motor vehicle shall follow another vehicle more closely than is reasonable and prudent, having regard for the speed of such vehicles, the traffic upon and the condition of the highway and weather conditions."

cle. The tires on Tyson's vehicle were in good condition, the brakes were in good working order, and the vehicle had not skidded at any time prior to the collision.

## I

The plaintiff first claims that the trial court improperly denied his motion to set aside the verdict based on his claim that the verdict was not supported by sufficient evidence. Specifically, he claims that the jury could not have concluded reasonably that (1) Tyson's negligence did not cause the accident, and (2) he did not sustain injury or damages as a result of the accident.

The trial court "should not set aside a verdict where it is apparent that there was some evidence upon which the jury might reasonably reach their conclusion . . . ." *Palomba* v. *Gray,* 208 Conn. 21, 24, 543 A.2d 1331 (1988); *Heritage Village Master Assn., Inc.* v. *Heritage Village Water Co.,* 30 Conn. App. 693, 711, 622 A.2d 578 (1993). "The decision to set aside a verdict entails the exercise of a broad legal discretion that, in the absence of clear abuse, we shall not disturb." *Ginsberg* v. *Fusaro,* 225 Conn. 420, 425, 623 A.2d 1014 (1993). " 'In reviewing the action of the trial court in denying the motion . . . to set aside the verdict, our primary concern is to determine whether the court abused its discretion and we decide only whether, on the evidence presented, the jury could fairly reach the verdict they did.' . . ." (Citation omitted.) Id., 431. In our review of the exercise of this discretion, we accord great weight to the trial court's decision. Id., 430–31.

"Negligence is conduct which creates an undue risk of harm to others." *Logan* v. *Greenwich Hospital Assn.,* 191 Conn. 282, 299, 465 A.2d 294 (1983); 2 Restatement (Second), Torts § 463, comment b (1965). The elements in a cause of action for negligence are "[a] breach of duty by the defendant and a causal connection between

the defendant's breach of duty and the resulting harm to the plaintiff . . . ." *Catz* v. *Rubenstein,* 201 Conn. 39, 44, 513 A.2d 98 (1986). "Recovery of damages in negligence requires proof by a fair preponderance of the evidence . . . ." *Coburn* v. *Lenox Homes, Inc.,* 186 Conn. 370, 372, 441 A.2d 620 (1982).

In the present case, the plaintiff was required to prove by a fair preponderance of the evidence that Tyson breached a duty of care owed to the plaintiff, and that that breach was the proximate cause of any actual harm suffered by the plaintiff. See id., 370. At the time of the accident, the highway surface was wet, and the weather was rainy and misty. Tyson was driving no faster than forty-five miles per hour between exit fifteen, where she entered the turnpike, and exit sixteen, where she exited. Exiting the turnpike, she slowed the vehicle in an attempt to stop behind the plaintiff's vehicle at the traffic light at the end of the ramp. Her vehicle began to skid and collided with the rear of the plaintiff's vehicle.[3] The jury reasonably could have concluded that the plaintiff failed to prove that Tyson was negligent in operating the state vehicle. We conclude that the trial court did not abuse its discretion in denying the plaintiff's motion to set aside the verdict.[4]

## II

The plaintiff next claims that the trial court improperly refused to charge the jury on the plaintiff's claim that Tyson followed the plaintiff's vehicle too closely. General Statutes § 14-240 (a) provides: "No driver of

---

[3] "[E]vidence of skidding is not, in and of itself, evidence of negligence." *Lowell* v. *Daley,* 148 Conn. 266, 273, 169 A.2d 888 (1961).

[4] Because we conclude that the evidence supports the finding of a lack of negligence on the part of the state's employee, we need not address the plaintiff's claim that the jury was unreasonable in its finding that the plaintiff sustained no injuries as a result of the accident.

a motor vehicle shall follow another vehicle more closely than is reasonable and prudent, having regard for the speed of such vehicles, the traffic upon and the condition of the highway and weather conditions."

Additional facts are necessary for the resolution of this issue. The plaintiff filed a written request to charge, in accordance with Practice Book § 318,[5] which included a request as to the applicability of General Statutes § 14-240. The trial court refused to charge the jury on this statute stating, "one of the considerations in application of the statute involves the speed of such vehicles" and ruling, "there is no evidence that [Tyson] saw the plaintiff's vehicle at any time while it was moving or other than in a stopped condition at the light."

" 'The charge must give the jury a clear comprehension of the issues presented for their determination under the pleadings and upon the evidence, and must be suited to guide them in the determination of those issues. '. . .'" (Citations omitted.) *Skrzypiec* v. *Noonan,* 228 Conn. 1, 19, 633 A.2d 716 (1993). " 'The court's obligation is to frame its instructions so as to be adapted to the issues which are in the case. . . . It should refrain . . . from addressing issues which are not in the case.' " (Citation omitted.) Id.

---

[5] Practice Book § 318 provides in relevant part: "When there are several requests [to charge], they shall be in separate and numbered paragraphs, each containing a single proposition of law clearly and concisely stated with the citation of authority upon which it is based, and the evidence to which the proposition would apply. . . ." "The purpose of this provision is to require parties to inform the trial court of the manner in which a rule of law applies to a particular case, rather than simply stating an abstract proposition of law." *Konover Development Corp.* v. *Zeller,* 228 Conn. 206, 214 n.5, 635 A.2d 798 (1994), citing *Hall* v. *Burns,* 213 Conn. 446, 483, 569 A.2d 10 (1990).

The defendant claims that the plaintiff's request to charge was inadequate under Practice Book § 318. We conclude that, given the circumstances of this case, the trial court was sufficiently informed by the plaintiff's request to charge to evaluate the applicability of the requested charge to the facts of the case.

Our statutes and case law do not define the phrase "follow another vehicle more closely than is reasonable and prudent";[6] therefore, "the term must be construed according to the commonly approved usage of the language." *Caldor, Inc.* v. *Hefferan,* 183 Conn. 566, 570, 440 A.2d 767 (1981); see General Statutes § 1-1; *Gallacher* v. *Commissioner of Revenue Services,* 221 Conn. 166, 172, 602 A.2d 996 (1992). It is appropriate to look to the "case law from other jurisdictions for guidance in ascertaining that meaning and usage." *Gallacher* v. *Commissioner of Revenue Services,* supra, 172; see also *Wickes Mfg. Co.* v. *Currier Electric Co.,* 25 Conn. App. 751, 758, 596 A.2d 1331 (1991).

Other courts have addressed circumstances in which the "following too closely" statute is inapplicable. In *Milwaukee & Suburban Transport Corp.* v. *Royal Transit Co.,* 29 Wis. 2d 620, 630, 139 N.W.2d 595 (1966), the Wisconsin Supreme Court held that the trial court properly refused to charge the jury in regard to the "following too closely" statute,[7] stating: "Although we have previously said that there is *a duty of a following vehicle 'to maintain such a distance behind the preceding vehicle as will enable him to stop his car and avoid a collision,' there is no evidence in this case that would reasonably lead one to conclude that the truck driver could not have stopped in time or avoided the collision*

---

[6] See *State* v. *Tobey,* 2 Conn. Cir. Ct. 485, 487–88, 202 A.2d 841 (1964), in which the court discusses *Lowell* v. *Daley,* 148 Conn. 266, 273, 169 A.2d 888 (1961). In *Lowell* the court did not address the issue of the applicability of General Statutes § 14-240 because it concluded that the charge had not been properly requested according to the rules of practice. Although the court stated in dicta, "we incline to the view that the charge, under the claims of proof in this particular case, was not erroneous"; id., 271; we do not rely on this language in deciding the present case. See *Allstate Ins. Co.* v. *Lenda,* 34 Conn. App. 444, 458 n.1, 642 A.2d 22 (1994) (*Landau, J.,* dissenting).

[7] Wis. Stat. § 346.14 provides in pertinent part: "The operator of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway."

had he not been guilty of negligent lookout. . . . [I]t is perfectly clear that the legislature did not intend the provisions of [the statute] to apply in all rear-end collisions. The statute is directed against the dangerous and pernicious practice of 'tailgating.' '' (Emphasis added.) In that case, the defendant, a truck operator, was driving behind the plaintiff, a bus operator, at a distance of 200 feet. Desiring to pass the plaintiff's vehicle, the defendant turned his attention to possible traffic behind his vehicle. As he looked forward again, he collided with the plaintiff's vehicle.

The court's analysis in *Cosse* v. *Bruley*, 445 So. 2d 41, 42–43 (La. App. 1984), is also instructive. In that case, the plaintiff stopped his vehicle suddenly in response to another vehicle's entering his lane of traffic. The plaintiff's vehicle was struck in the rear by the first defendant's vehicle, which was struck in the rear by the second defendant's vehicle. Prior to the collision, all three vehicles were approximately two car lengths apart and proceeding at a speed of thirty-five to forty miles per hour in the same lane. The court held that the trial court properly granted the defendants' motions for a directed verdict, stating: ''It is well settled that a driver must *maintain a sufficient distance from a lead vehicle to allow him to stop under normal circumstances. . . . There is no evidence to suggest that [the defendants] could not have avoided hitting the [plaintiff] had it slowed down or stopped under normal circumstances. . . .* It is clear from the testimony that [the first defendant] was not tailgating [the plaintiff] and [the second defendant] was not tailgating [the first defendant].'' (Emphasis added.) Id.[8]

---

[8] La. Rev. Stat. Ann. § 32:81 (A) provides in pertinent part: ''A following motorist . . . shall not follow another motorist more closely than is reasonable and prudent, having due regard for the speed of the preceding vehicle and the traffic upon and condition of the highway.''

While the facts in *La Mandri* v. *Carr,* 148 N.J. Super. 566, 372 A.2d 1327 (1977) may be distinguishable, its lesson is still of value. In *La Mandri,* the plaintiff and the defendant were driving in the same direction along the Garden State Parkway in New Jersey. The defendant's vehicle, which was proceeding in the left lane, passed the plaintiff's vehicle in the right lane. When the defendant's vehicle was approximately 100 yards ahead of the plaintiff's vehicle, it spun around out of control. Although the plaintiff attempted to avoid a collision, the vehicles collided. The court held that the "following too closely" statute[9] did not apply, stating: "Although there is some uncertainty whether both colliding automobiles need be in motion at the time of the collision, or whether the lead vehicle may be stopped, it seems clear that the *essence of the asserted negligence,* to justify involving the [following too closely] statute, *must be a motorist's alleged failure to maintain a reasonably safe distance behind another vehicle in the same lane of traffic.*

"Here, while the two automobiles had originally been proceeding in the same lane, *there was no evidence of any 'tailgating' by plaintiff prior to defendant's loss of control, or of any causal relationship between such 'tailgating,' if there was any, and the skidding of defendant's vehicle.* . . . [T]he impact occurred in the course of evasive action taken by plaintiff, and not as the result of following too closely . . . . We are satisfied that [the statute] was not applicable on the facts here present, and that the instruction concerning it should not have been given." (Emphasis added.) Id.,

[9] N.J. Stat. Ann. § 39:4-89 provides in pertinent part: "The driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of the preceding vehicle and the traffic upon, and condition of, the highway."

572–73; *Dolson* v. *Anastasia,* 55 N.J. 1, 10, 258 A.2d 706 (1969).

Additionally, courts have held that the "following too closely" statute does not apply to situations where the rear vehicle is overtaking and passing the lead vehicle; *Evans* v. *General Telephone Co.,* 257 Or. 460, 463–64, 479 P.2d 747 (1971); and where the lead and rear vehicles are proceeding in different lanes of traffic. *Heasley* v. *Bevilacqua,* 100 Cal. App. 155, 160, 223 P.2d 274 (1950).

The Wisconsin Supreme Court determined that its "legislature did not intend the following too closely statute to apply in all rear-end collisions." *Milwaukee & Suburban Transport Corp.* v. *Royal Transit Co.,* supra, 29 Wis. 2d 630. Our legislature, like that of Wisconsin, also did not intend General Statutes § 14-240 to apply in all situations. We also agree that the purpose of the statute is very specific: to codify "a duty of a driver of a following vehicle 'to maintain such a distance behind the preceding vehicle as will enable [the following vehicle] to stop and avoid a collision.' " *Milwaukee & Suburban Transport Corp.* v. *Royal Transit Co.,* supra, 630. "The purpose of holding a trailing driver to a proper distance is to keep [the trailing driver] in position to stop or so control [the vehicle] as to prevent [the trailing driver] from doing injury because of the action of the car ahead . . . ." *Northland Ins. Co.* v. *Avis Rent-A-Car,* 62 Wis. 2d 643, 648, 215 N.W.2d 439 (1974). Our statute, like that of New Jersey, "merely incorporates the common law standard [for negligence] into the motor vehicle law to authorize penal sanctions for a violation." *Dolson* v. *Anastasia,* supra, 55 N.J. 10. Since a cause of action for negligence requires a "breach of a duty by the defendant and a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff"; *Catz* v. *Rubenstein,* supra, 201 Conn. 44; it follows that

the application of § 14-240 requires evidence that (1) a motor vehicle, while behind another in the same lane of travel, failed to maintain a reasonably safe distance between the vehicles, and (2) the failure to maintain a reasonably safe distance had a causal connection to a resulting collision.

In light of the narrow purpose of the "following too closely" statute, and the specific factual circumstances to which similar statutes have been held inapplicable by courts in Wisconsin, Louisiana and New Jersey, we hold that General Statutes § 14-240 is applicable to situations in which one motor vehicle is behind another in the same lane of traffic, and there is evidence that the operator of the rear vehicle failed to maintain a reasonably safe distance between the vehicles, and that failure had a causal connection to a resulting collision.

In the present case, the plaintiff's vehicle was stopped behind another vehicle at the traffic light at the end of an exit ramp. As Tyson exited the highway, she proceeded along the exit ramp in the same lane of traffic as that in which the plaintiff's vehicle was stopped. As Tyson slowed, her vehicle skidded and collided with the rear of the plaintiff's vehicle. There is no evidence to support the conclusion that Tyson failed to maintain a reasonably safe distance between her vehicle and the plaintiff's vehicle. Since the evidence did not support an application of General Statutes § 14-240, the trial court properly refused to charge the jury as to it.

III

Finally, the plaintiff claims that the trial court improperly excluded certain questions on the voir dire concerning venirepersons' affiliations with insurance companies. Specifically, the plaintiff claims that he was prohibited from asking them whether they or their spouses were employed by insurance companies.

During voir dire, the trial court has wide discretion in conducting the examination of jurors. *State* v. *Pollitt,* 205 Conn. 61, 73, 530 A.2d 155 (1987); *Robinson* v. *Faulkner,* 163 Conn. 365, 374, 306 A.2d 857 (1972). "[W]e have followed the policy that inquiry on insurance interest and its extent is within the sound discretion of the trial court." *Robinson* v. *Faulkner,* supra, 374.

In the present case, the trial court determined that the information sought by the plaintiff, whether the prospective jurors had ever investigated claims, "could be obtained another way rather than bringing insurance directly into the case." We conclude that the trial court did not abuse its discretion in excluding the plaintiff's voir dire questions concerning venirepersons' affiliations with insurance companies.

The judgment is affirmed.

In this opinion the other judges concurred.