[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
According to the Amended Complaint dated January 5, 1996 plaintiff Betty Mack alleges that on February 9, 1990 she was CT Page 1702-Z operating her motor vehicle in a northerly direction on Trumbull Street approaching its intersection with Main Street in Hartford. She further alleges that a John Doe was operating a motor vehicle owned by defendant Fair Motors Corp. and bearing a Connecticut license plate XG326, to the rear of plaintiff's vehicle, with a vehicle owned and operated by one John Martin, being operated in between. Plaintiff claims that the John Doe was operating the vehicle owned by defendant Fair Motors as an agent, servant and/or employee of defendant Fair Motors and within the scope of his employment with Fair Motors. In the alternative, plaintiff claims that the John Doe was operating the motor vehicle owned by defendant Fair Motors under a leasing agreement with Fair Motors. Also in the alternative, plaintiff claims that John Doe was operating the vehicle owned by Fair Motors as a customer or potential customer of Fair Motors.
The complaint further alleges that plaintiff had stopped at a stop light and that John Doe caused his vehicle to strike the Martin vehicle, pushing the Martin vehicle into the plaintiff's vehicle. She claims that John Doe was negligent in a number of ways, and that as a result of his negligence, she suffered injuries to various parts of her body. She claims damages from defendant Fair Motors for medical treatment, pain and suffering, lost wages, and permanent injuries. A trial to the court was held on February 22 and February 27, 1996.
The court, having heard testimony and studied all the exhibits, finds that the plaintiff has failed to prove liability on the part of defendant Fair Motors Corp. for three reasons: First, the only evidence linking Fair Motors to the scene of the accident was testimony from plaintiff who testified that she CT Page 1703 looked at a piece of paper which was shown to her by Martin, that a license plate number XG326 (subsequently found to belong to Fair Motors Corp. ) was written on the piece of paper, that she copied the license plate number onto a piece of paper of her own, and that she gave that information to the police department.
However, she was unable to provide the piece of paper in court, having thrown it away. Although she testified that the information was given to her by Martin, who told her his car had been rear-ended by John Doe, that hearsay information was not persuasive to the court inasmuch as Martin himself had rear-ended the plaintiff's car. There is no way of knowing whether the information supplied by Martin to the plaintiff was accurate.
The court also notes that there was no corroborating evidence which would tie Fair Motors, Corp. to the scene of the accident. Although plaintiff's daughter testified that she saw the license plate on John Doe's car as he left the scene of the accident, the court found her testimony not to be believed in light of the fact that she testified to the contrary at a deposition at prior time.
Raymond Schoenleber, an employee of Fair Motors Corp. testified that although Fair Motors owned a plate containing the number XG326 during the period in question, the company had received no notice that any car bearing license plate number XG326 was involved in an accident. In fact the first time he learned about the license plate or accident in question was when suit was brought two years after the accident.
Second, the plaintiff has failed to show that John Doe was an agent, servant, employee, lessee, customer, or potential customer of Fair Motors. Plaintiff never talked to John Doe nor was anyone else able to obtain John Doe's true name, license, or registration.
Third, the plaintiff failed to prove that John Doe was negligent. All she knew of her own knowledge was that her car was struck by Martin's car. The fact that Martin's car may have been struck by John Doe's car does not in and of itself prove that John Doe was negligent. Jacobs v. Goodspeed, 180 Conn. 415
(1980); Wrinn v. State 35 Conn. App. 464 (1994).
The court further finds that the plaintiff has failed to prove her claimed damages. To be sure, she treated with Dr. Shifreen over a long period of time. Most of that treatment, CT Page 1704 however, consisted of physiotherapy which was unnecessary beyond six or eight weeks of treatment. Dr. Shifreen overtreated and was paid by no-fault insurance up until such time as no-fault benefits were no longer available.
Dr. Shifreen testified that the plaintiff has a permanent partial disability. However, Dr. Myron Shafer, who performed an independent medical examination found no permanent disability. The court found Dr. Shafer's testimony more credible.
In summary the court finds that plaintiff has failed to prove liability on the part of defendant Fair Motors Corp. and has failed to prove her claimed damages.
The court notes that defendant filed an offer of judgment in the file in accordance with General Statutes § 52-193.
Accordingly, judgment may enter for defendant Fair Motors Corp., plus defendant's costs accruing after plaintiff received notice of defendant's offer of judgment.
Frances Allen State Judge Referee