[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action to recover damages for injuries allegedly suffered in an automobile collision.
On January 21, 1993, Janet Aviles (plaintiff) was driving a motor vehicle on the on-ramp to the Merritt Parkway between exits 57 and 58, On that same date and time, David Fevrer (defendant) was following the plaintiff in a separate motor vehicle. The plaintiff stopped at a stop sign, looked for traffic, and then began to proceed into the intersection. The defendant moved forward, stopped at the stop sign, looked for traffic, and proceeded into the intersection, thereby running into the back of the plaintiff's car. After proceeding, the plaintiff had, for some unexplained reason, stopped in the middle of the intersection. The drivers exchanged insurance information; however, there was no structural damage to either vehicle. Subsequently, on November 24, 1993, the plaintiff filed this suit alleging personal injury.
The plaintiff's complaint alleges that the defendant, inter alia, failed to operate his motor vehicle in such a way as to keep a reasonable distance apart from the plaintiff's vehicle in CT Page 3216 violation of General Statutes § 14-240, and that the defendant was operating his motor vehicle at a speed greater than which was reasonable under the circumstances then and there existing in violation of General Statutes § 14-218a. On August 15, 1993, the defendant filed an answer and asserted a special defense of contributory negligence.
In paragraph 6 of the complaint, the plaintiff sets forth the six claims wherein the defendant was negligent. Paragraph 6(a), (b), (c), (d) and (f) are not pursued, as there was no evidence to support them. This leaves (e), which deals with the reasonable distance apart § 14-240 C.G.S.
General Statutes § 14-240 provides in pertinent part that "[n]o driver of a motor vehicle shall follow another vehicle more closely than is reasonable and prudent, having regard for the speed of such vehicles, the traffic upon and the condition of the highway and weather conditions."
In Murphy v. Soracco, 174 Conn. 165, 383 A.2d 1350 (1978), the plaintiff alleged that she was injured when the motor vehicle which she was driving was struck by a motor vehicle operated by the defendant. The plaintiff alleged that "she was stopped for a red traffic light signal, started to turn right when the light turned green, and stopped her car in response to a police officer's hand signal, whereupon her vehicle was struck in the rear by a car operated by the defendant." Murphy v. Soracco, supra, 174 Conn. 166. The case was tried to a jury which found for the defendant, and the plaintiff appealed the decision on the grounds that the trial court erred in denying her motion to set aside the verdict, and that the judge incorrectly charged the jury as to the issue of liability and damages. Id.
In Murphy, the plaintiff argued that "under the circumstances of this collision where the jury could well have concluded from the evidence that the defendant's car was only a foot or two behind the plaintiff's car, at a busy, downtown intersection in five o'clock traffic, with school children and a traffic officer present, due care required the defendant to have his car underabsolute control so as to be able to stop immediately to avoid rear-ending the car in front." (Emphasis added.) Murphy v.Soracco, supra, 174 Conn. 168. In rejecting the plaintiff's argument, the Supreme Court observed that the duty imposed by law was "whether the defendant exercised that amount of care which a reasonably prudent person would use or exercise under the same CT Page 3217 circumstances." Id. The court concluded by stating that the plaintiff was not entitled to a charge that due care required the defendant to have his car under absolute control, because "[s]uch an instruction is tantamount to informing the jury that the defendant was negligent as a matter of law, and would have been erroneous." Murphy v. Soracco, supra, 174 Conn. 169.
In Wrinn v. State of Connecticut. 35 Conn. App. 464,646 A.2d 869 (1994), aff'd 234 Conn. 869 (1995), the plaintiff appealed from a decision by a jury absolving the defendant of liability in an action brought to recover damages resulting from injuries sustained by the plaintiff in a motor vehicle accident. In that case, the plaintiff was driving south on I-95 and exited the highway at exit sixteen and stopped his vehicle behind another vehicle at a traffic signal at the end of the exit ramp. Wrinn v.State of Connecticut, supra, 35 Conn. App. 465. The weather was misty and rainy. The driver of the defendant's vehicle exited I-95 at exit sixteen at a speed of approximately forty-five (45) miles an hour. As she slowed, the vehicle skidded and collided with the rear of the plaintiff's vehicle. Id. The plaintiff contends that the trial court erred in failing to overturn the jury's verdict in that it was not supported by sufficient evidence. Wrinn v. State of Connecticut, supra, 35 Conn. App. 466.
The Appellate Court, in upholding the lower court's decision, observed that the scope of review on appeal was whether the trial court had abused its discretion in failing to overturn the jury verdict and whether the jury could fairly reach the verdict they did. In reaching its conclusion, the Appellate Court rejected the plaintiff's argument that the trial court had abused its discretion by refusing to charge the jury on General Statutes § 14-240. The Appellate Court reviewed the purpose behind § 14-240 and concluded that in order to implicate the statute the plaintiff must give evidence that "a (1) motor vehicle, while behind another in the same lane of travel, failed to maintain a reasonably safe distance between the vehicles, and (2) the failure to maintain reasonably safe distance had a causal connection to a resulting collision." Wrinn v. State ofConnecticut, supra, 35 Conn. App. 473. The Appellate Court found that "the plaintiff's vehicle was stopped behind another vehicle at the traffic light at the end of an exit ramp; [that the driver of the defendant's vehicle was proceeding] along the exit ramp in the same lane of traffic as that in which the plaintiff's vehicle was stopped; [that the defendant's] vehicle skidded and collided with the rear of the plaintiff's vehicle. There is no evidence to CT Page 3218 support the conclusion that [the driver of the defendant's vehicle] failed to maintain a reasonably safe distance between her vehicle and the plaintiff's vehicle. Since the evidence did not support an application of . . . § 14-240, the trial court properly refused to charge the jury as to it." Wrinn v. Stateof Connecticut, supra, 35 Conn. App. 473.
In Melillo v. Mills, 9 Conn. Sup. 303, the defendant was operating a motor vehicle on the highway, preceded by the plaintiff, who was preceded by an itinerant ice cream truck. The ice cream truck driver gave a hand signal that he intended to stop for a sale. The plaintiff saw the signal and gave a similar signal. The defendant was looking to the side, and did not see either signal. The court held that defendant was negligent, inter alia, for failing to note and act upon the signal of the plaintiff. The court found for the plaintiff.
"It is the privilege of the trier to adopt whatever testimony he reasonably believes to be credible." Grote v. A.C. Hine Co.,148 Conn. 283, 287.
In her cross-examination, the plaintiff testified as follows. She went to work. She got into the line of traffic at the ramp going north toward Hamden. She was third in line. Ultimately, she came to the stop sign. She looked for traffic for about a minute. She looked in her rear view mirror twice. Then she went ahead. Then she stopped.
The defendant testified on direct examination as follows. Being on the ramp, he stopped 8 feet behind the car of the plaintiff. He stopped at the stop sign. He looked for traffic and saw there was none in either direction. He pulled through the stop sign. When he looked, he saw that the plaintiff's car was not moving. He applied the brakes. When he conducted an inspection, he found no structural damage to either car. Neither the police nor the ambulance were called.
There was no evidence that the plaintiff gave a signal, or other indication that she was stopping. There was no police officer directing traffic.
Section 14-240 requires a motor vehicle to "maintain" a safe distance between vehicles. "Maintain" means to sustain. Ballentine's Law Dictionary, Third Edition. The action on the part of the defendant was that of a reasonably prudent man. There CT Page 3219 is no evidence that the defendant failed to "maintain" a safe distance from the plaintiff's car. Therefore, § 14-240 is inapplicable to this case. See Wrinn, supra, 469, 470 (Wisconsin case).
The First Special Defense alleges contributory negligence. The court finds that the plaintiff stopped her car without notice for warning to the defendant which was the proximate cause of the collision.
The court finds the plaintiff has failed to prove her case, and that the defendant has proven the facts contained in the First Special Defense.
Judgment may enter for the defendant.
Robert P. Burns Judge Trial Referee