[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiffs, Alfredo Sanchez and Amparo Sanchez ("plaintiffs"), allege that they were injured when an automobile, owned by defendant Norwalk Taxi Inc. and operated by defendant, Micheng Stephenson (collectively "defendants"), collided with the rear-end of their automobile. The plaintiffs filed a motion for summary judgment as to liability only, arguing that there are no facts in dispute because this was a rear-end collision. In support of their motion, the plaintiffs submitted the affidavits of plaintiffs Alfredo Sanchez and Amparo Sanchez and the police accident report.
The defendants filed an objection to plaintiffs' motion for summary judgment, arguing that the plaintiffs' papers do not demonstrate that there is no genuine issue of material fact as to whether the defendants were negligent, and that negligence is a question of fact.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279, CT Page 11198567 A.2d 829 (1989). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Practice Book § 384, now Practice Book (1998 Rev.) § 17-49.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Bruttomesso v. NortheasternConnecticut Sexual Assault Crisis Services, Inc., 242 Conn. 1, 5,698 A.2d 795 (1997); Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1995).
"It is well-settled that, for purposes of summary judgment, the moving party has the burden of demonstrating the absence [of] any genuine issue of material facts . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Alteration in the original; emphasis in the original; internal quotation marks omitted.) Gupta v. New Britain General Hospital,239 Conn. 574, 582, 687 A.2d 111 (1996). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Miller v. UnitedTechnologies Corp., supra, 233 Conn. 751-52.
"A material fact has been defined adequately and simply as a fact which would make a difference in the result of the case." (Internal quotation marks omitted.) United Oil Co. v. UrbanDevelopment Commission, 158 Conn. 364, 379, 260 A.2d 596 (1969); see also Picataggio v. Romeo, 36 Conn. App. 791, 793,654 A.2d 382 (1995). "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Alterations in original; citations omitted; internal quotation marks omitted.) Maffucci v.Royal Park Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15
(1998).
"Issues of negligence are ordinarily not susceptible of summary judgment adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) FogartyCT Page 11199v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984). "[S]ummary judgment procedure is ill-adapted to negligence cases, since the conclusion of negligence is normally one of fact . . . ." Velardiv. Ryder Truck Rental, Inc., 178 Conn. 371, 374, 423 A.2d 77
(1979). "Summary judgment is especially ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation." (Internal quotation marks omitted.) Michaud v.Gurney, 168 Conn. 431, 434, 362 A.2d 857 (1975).
Generally, an issue of causation is a question of fact for the trier of fact. Abrahams v. Young and Rubicam, Inc.,240 Conn. 300, 307, 692 A.2d 709 (1997); Skuzinski v. Bouchard Fuels, Inc.,240 Conn. 694, 705, 694 A.2d 788 (1997). "A conclusion of negligence or freedom from negligence is ordinarily one of fact. . . . The trier must determine whether, in his own opinion, the defendant's actions meet the standards of conduct for one of reasonable prudence." Amendola v. Geremia, 21 Conn. App. 35, 37,571 A.2d 131, cert. denied, 215 Conn. 803, 574 A.2d 217 (1990). This issue may "become one of law when the mind of a fair and reasonable person could reach only one conclusion, and summary judgment may be granted based on a failure to establish causation." (Internal quotation marks omitted.) Abrahams v. Youngand Rubicam, Inc., supra, 240 Conn. 307.
"To support a verdict in a negligence case, there must be sufficient evidence of the defendant's negligence to remove the issue from the field of surmise and conjecture. . . . Common experience shows that motor vehicle accidents are not all due to driver negligence." (Citations omitted.) O'Brien v. Cordova,171 Conn. 303, 305-06, 370 A.2d 933 (1971).
It has been held that rear-end collisions may have occurred other than by defendant's negligence. See, e.g., Wrinn v. State,35 Conn. App. 464, 467, 646 A.2d 869 (1994), aff'd,234 Conn. 401, 661 A.2d 1034 (1995) (holding that where a defendant skidded and caused a rear-end collision, "the jury reasonably could have concluded that the plaintiff failed to prove that [defendant] was negligent in operating the state vehicle."). Further, in a case where the defendant's automobile slid on ice and collided with the plaintiff's automobile, the Supreme Court held that "we cannot say that it was unreasonable for the jury to conclude that the plaintiffs had failed to prove actionable negligence on the part of the defendant. This is true especially in view of the CT Page 11200 evidence as to skidding, since evidence of skidding is not, inand of itself; evidence of negligence." (Emphasis added.) Amatov. Sawicki, 159 Conn. 490, 493, 271 A.2d 80 (1970); see alsoLowell v. Daly, 148 Conn. 266, 273, 169 A.2d 888 (1961) ("Especially in view of the evidence as to skidding, the jury might have failed to find that the plaintiffs had proved actionable negligence, since evidence of skidding is not, in and of itself, evidence of negligence.").
The police report, submitted by the plaintiffs, indicates that the icy road conditions may have caused the defendants' automobile to slide as the operator applied the brakes, resulting in the rear-end collision with plaintiffs' automobile. Therefore, it is possible that a reasonable person, viewing the evidence in favor of the non-moving party, could determine that the collision was the result of something other than the defendants' negligence. As such, plaintiffs' motion for summary judgment as to liability is denied.
D'ANDREA, J.