EUGENE J. WRINN *v.* STATE OF CONNECTICUT ET AL.
(15085)

BORDEN, BERDON, NORCOTT, KATZ and PALMER, Js.

---

Argued May 26—decision released July 25, 1995

*Karen L. Murdoch*, with whom was *Christy Scott*, for the appellant (plaintiff).

*Philip F. von Kuhn*, for the appellee (named defendant).

NORCOTT, J. The dispositive issue in this certified appeal is whether, under the circumstances of this case, the trial court improperly refused to instruct the jury regarding General Statutes § 14-240,[1] which prohibits

---

[1] General Statutes § 14-240 provides: "(a) No driver of a motor vehicle shall follow another vehicle more closely than is reasonable and prudent, having regard for the speed of such vehicles, the traffic upon and the condition of the highway and weather conditions.

"(b) No person shall drive a vehicle in such proximity to another vehicle as to obstruct or impede traffic.

vehicles from following too closely. The plaintiff, Eugene Wrinn, instituted this action against the defendant, the state of Connecticut,[2] to recover damages for personal injuries sustained when the defendant's vehicle collided with the rear end of the plaintiff's vehicle while it was stopped at a traffic signal at the end of a highway off ramp. The plaintiff alleged that the defendant was negligent in following his vehicle too closely in violation of § 14-240. At trial, the plaintiff requested that the trial court instruct the jury on that allegation. The trial court denied this request. Thereafter, the jury returned a verdict in favor of the defendant and the trial court rendered judgment accordingly. The plaintiff appealed to the Appellate Court, which affirmed the judgment of the trial court. *Wrinn* v. *State*, 35 Conn. App. 464, 646 A.2d 869 (1994). We granted the plaintiff's petition for certification,[3] and now affirm the judgment of the Appellate Court.

As reported in the Appellate Court's opinion, the jury reasonably could have found the following facts. "On

"(c) Motor vehicles being driven upon any highway in a caravan shall be so operated as to allow sufficient space between such vehicles or combination of vehicles to enable any other vehicle to enter and occupy such space without danger. This provision shall not apply to funeral processions or to motor vehicles under official escort or travelling under a special permit.

"(d) Violation of any of the provisions of this section shall be an infraction, provided any person operating a commercial vehicle combination in violation of any such provision shall have committed a violation and shall be fined not less than one hundred dollars nor more than one hundred fifty dollars."

[2] In addition to the state, the plaintiff also named the driver of the state owned vehicle, Vallerie Tyson, a state employee, as a defendant. On October 31, 1988, the court granted the defendants' motion to strike the complaint as to Tyson. We therefore refer to the state of Connecticut as the defendant.

[3] We granted certification to appeal, limited to the following issues: (1) "In the circumstances of this case, should the trial court have instructed the jury in accordance with Connecticut General Statutes § 14-240?" and (2) "If the first question is answered in the affirmative, does the failure to so charge require a new trial?" *Wrinn* v. *State*, 231 Conn. 930, 649 A.2d 255 (1994).

May 20, 1986, the plaintiff had been driving south on the Connecticut Turnpike, Interstate 95. He exited the highway in Norwalk at exit sixteen and stopped his vehicle behind another vehicle at a traffic signal at the end of the exit ramp. The weather was rainy and misty, and the road was wet. Vallerie Tyson, an employee of the state department of mental retardation, was operating a motor vehicle owned by the state in the ordinary course of her employment. Tyson entered the turnpike at exit fifteen and proceeded at a speed no greater than forty-five miles per hour between exits fifteen and sixteen. At exit sixteen, Tyson turned onto the exit ramp, and saw two vehicles ahead of her stopped at the traffic signal at the end of the ramp. As she slowed her vehicle it began to slide. Although Tyson attempted to avoid a collision, the vehicle collided with the rear of the plaintiff's vehicle. The tires on Tyson's vehicle were in good condition, the brakes were in good working order, and the vehicle had not skidded at any time prior to the collision." *Wrinn* v. *State*, supra, 35 Conn. App. 465–66.

The plaintiff instituted this negligence action to recover damages for personal injuries sustained as a result of the accident. At trial, "[t]he plaintiff filed a written request to charge, in accordance with Practice Book § 318, which included a request as to the applicability of General Statutes § 14-240. The trial court refused to charge the jury on this statute stating, 'one of the considerations in application of the statute involves the speed of such vehicles' and ruling, 'there is no evidence that [Tyson] saw the plaintiff's vehicle at any time while it was moving or other than in a stopped condition at the light.' " Id., 468.

Our resolution of the plaintiff's claim hinges on the meaning of § 14-240. Section 14-240 (a) provides in relevant part: "No driver of a motor vehicle shall *follow* another vehicle more closely than is reasonable and pru-

dent . . . ." (Emphasis added.) Neither our statutes nor our case law have defined the phrase "follow another vehicle more closely than is reasonable and prudent." The plaintiff argues that this phrase should be interpreted broadly to mean "going or coming after. The plaintiff asserts that the occurrence of a rear end collision entitles the victim to have the jury instructed on § 14-240, thereby allowing the jury the opportunity to determine whether the defendant is per se negligent if the statute is violated.[4] Therefore, the plaintiff claims that the trial court improperly denied his request to instruct the jury regarding § 14-240. We disagree.

"The objective of statutory construction is to give effect to the intended purpose of the legislature. *State* v. *Delafose*, 185 Conn. 517, 521, 441 A.2d 158 (1981). . . . *Forsyth* v. *Rowe*, 226 Conn. 818, 828, 629 A.2d 379 (1993). [Ordinarily, where] the language of the statute is clear and unambiguous, it is assumed that the words themselves express the intent of the legislature and there is no need for statutory construction . . . . *All Brand Importers, Inc.* v. *Dept. of Liquor Control*, 213 Conn. 184, 195, 567 A.2d 1156 (1989). . . . *Haesche* v. *Kissner*, 229 Conn. 213, 223, 640 A.2d 89 (1994)." (Internal quotation marks omitted.) *First Bethel Associates* v. *Bethel*, 231 Conn. 731, 739, 651 A.2d 1279 (1995).

"In the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language . . . ." General Statutes § 1-1 (a); see *Carpenteri-Waddington, Inc.* v. *Commissioner of Revenue Services*, 231 Conn. 355, 362, 650 A.2d 147 (1994); *State* v. *Indrisano*, 228 Conn. 795, 809, 640 A.2d 986 (1994); *State* v. *Jimenez*, 228 Conn. 335, 341, 636 A.2d 782 (1994); *Carr* v. *Bridgewater*, 224

---

[4] Section 14-240 has mitigating elements which raise factual questions for the jury.

Conn. 44, 56–57, 616 A.2d 257 (1992); *Caldor, Inc.* v. *Heffernan*, 183 Conn. 566, 570, 440 A.2d 767 (1981). In order to ascertain the plain meaning of the word "follow," it is appropriate to look to the dictionary definition. See *State* v. *Indrisano*, supra, 809 (employing dictionary definition); *Aetna Life & Casualty Co.* v. *Bulaong*, 218 Conn. 51, 61–62, 588 A.2d 138 (1991) (same); *Robert S. Weiss & Associates, Inc.* v. *Wiederlight*, 208 Conn. 525, 534–35, 546 A.2d 216 (1988) (same). "Follow" has been defined as: "to move behind in the same path or direction." Webster's New International Dictionary (2d Ed. 1941). More specifically, in the context of a motor vehicle statute, the term "follow" implies movement of two vehicles: a leader and a follower. Thus, § 14-240, read in light of the plain meaning of the word "follow," requires that in order to prove a violation the plaintiff must show that: (1) the rear vehicle "followed" the front vehicle; *and* (2) the distance between the vehicles was closer than is reasonable and prudent under the circumstances. Accordingly, we agree with the Appellate Court's conclusion that "§ 14-240 is applicable to situations in which one motor vehicle is [traveling] behind another in the same lane of traffic, *and* there is evidence that the operator of the rear vehicle failed to maintain a reasonably safe distance between the vehicles, and that failure had a causal connection to a resulting collision." (Emphasis added.) *Wrinn* v. *State*, supra, 35 Conn. App. 473.

Case law from other jurisdictions supports this interpretation of § 14-240. See *Gallacher* v. *Commissioner of Revenue Services*, 221 Conn. 166, 172, 602 A.2d 996 (1992). For example, in interpreting a substantially similar statute,[5] the Wisconsin Supreme Court con-

---

[5] Wisconsin Statutes § 346.14 provides in relevant part: "The operator of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway."

cluded that the statute was inapplicable in a case where the driver of a tractor trailer, desiring to pass the plaintiff's stopped vehicle, turned his attention to possible traffic behind his vehicle. As he looked forward again, he collided into the rear of the plaintiff's vehicle. *Milwaukee & Suburban Transport Corp.* v. *Royal Transit Co.*, 29 Wis. 2d 620, 629–30, 139 N.W.2d 595 (1966). "True, the outcome was a violent meeting that can only be described as *too close* for comfort or safety, but clearly the factor resulting in the impact was failure to keep a proper and reasonably constant lookout. . . . It is perfectly clear that the legislature did not intend the provisions of [the statute] to apply in all rear-end collisions. The statute is directed against the dangerous and pernicious practice of 'tailgating.' " (Emphasis added.) Id., 630; see also *Cosse* v. *Bruley*, 445 So. 2d 41, 42–43 (La. App. 1984); *Houck* v. *Snyder*, 375 Mich. 392, 402–403, 134 N.W.2d 689 (1965); *La Mandri* v. *Carr*, 148 N.J. Super. 566, 571–72, 372 A.2d 1327 (1977).

We reject, therefore, the plaintiff's assertion that a rear end collision, regardless of the manner in which the accident occurs, requires instruction on § 14-240.[6] Such an interpretation would render meaningless the statute's first condition, namely, that the rear vehicle was "following" the front vehicle.

" 'The court has a duty to submit to the jury no issue upon which the evidence would not reasonably support

---

[6] It is clear, however, that § 14-240 sometimes may be applicable in rear end collisions with a stopped vehicle. See, e.g., *State* v. *Tobey*, 2 Conn. Cir. Ct. 485 (1964). Although a rear end collision is not a per se violation of § 14-240, such a collision may be the result of a violation of the statute. For example, if the front vehicle, which previously had been moving, stops and is rear-ended *because* the driver of the rear vehicle was "following" too closely, a jury instruction in accordance with § 14-240 would be proper. In order to reach the issue of causation, however, the plaintiff must first present evidence to show that prior to the collision, the defendant was following too closely.

a finding. . . .' " (Citations omitted.) *Goodmaster* v. *Houser*, 225 Conn. 637, 648, 625 A.2d 1366 (1993). At trial, the plaintiff presented no evidence that the defendant had breached its duty not to "follow" too closely. Indeed, there was no evidence that the two vehicles were simultaneously in motion, one traveling behind the other in the same lane. As discussed above, a rear end collision, in and of itself, is not sufficient evidence of such a breach. Because there is no evidence that the defendant's vehicle ever "followed" the plaintiff's vehicle, we conclude that the trial court properly refused to instruct the jury with respect to § 14-240.

The judgment is affirmed.

In this opinion the other justices concurred.