MICHELLE HORN *v.* MARYLAND CASUALTY COMPANY
(15017)

BORDEN, BERDON, NORCOTT, KATZ and PALMER, Js.

Argued May 26—decision released July 25, 1995

*Daniel P. Scapellati*, with whom were *John W. Lemega* and *Michael S. Taylor*, for the appellant (defendant).

*Robert T. Harrington*, with whom, on the brief, was *Donald W. Celotto, Jr.*, for the appellee (plaintiff).

PER CURIAM. The defendant, Maryland Casualty Company, appeals[1] from the judgment of the trial court granting the application of the plaintiff, Michelle Horn, to vacate a voluntary uninsured motorist arbitration award.[2] The defendant claims that the trial court improperly concluded that the arbitrators had manifestly disregarded the applicable law. We agree and therefore reverse the judgment of the trial court.

In June, 1987, the plaintiff was in her automobile, which was stopped at a traffic light on Route 1, in Branford, when her automobile was struck from behind by the automobile of Benjamin D'Acunto, an uninsured motorist. Two of the arbitrators, citing *O'Brien* v. *Cordova*, 171 Conn. 303, 370 A.2d 933 (1976), determined that the plaintiff had not introduced sufficient evidence to remove the issue of D'Acunto's negligence from the area of surmise and conjecture.[3]

In response to the plaintiff's claim that the rear end collision constituted a violation of General Statutes § 14-240,[4] the majority of the arbitrators ruled that,

---

[1] The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

[2] Because the only issues before the arbitrators involved the negligence of the uninsured motorist and the damages incurred by the plaintiff, and did not involve any issues of coverage, the parties agree that the arbitration proceeding was voluntary, rather than compulsory.

[3] The third arbitrator inferred from D'Acunto's testimony that he had been negligent.

[4] General Statutes § 14-240 provides: "VEHICLES TO BE DRIVEN REASONABLE DISTANCE APART. (a) No driver of a motor vehicle shall follow another vehicle more closely than is reasonable and prudent, having regard for the speed of such vehicles, the traffic upon and the condition of the highway and weather conditions.

"(b) No person shall drive a vehicle in such proximity to another vehicle as to obstruct or impede traffic.

"(c) Motor vehicles being driven upon any highway in a caravan shall be so operated as to allow sufficient space between such vehicles or combination of vehicles to enable any other vehicle to enter and occupy such space

in accordance with the Superior Court opinion of *Wrinn* v. *State,* Superior Court, judicial district of Stamford, Docket No. CV 8893573S (April 15, 1993), 8 Conn. L. Rptr. 600 (May 10, 1993),[5] § 14-240 did not apply where the plaintiff's car was stopped when the defendant first saw it or should have seen it. Accordingly, by an award dated July 12, 1993, the panel denied the plaintiff's claim.

The plaintiff applied to the trial court to vacate the award. The trial court determined that the arbitrators had manifestly disregarded the applicable law. The court, therefore, rendered judgment granting the application to vacate the arbitration award. This appeal followed.

"[A]n award that manifests an egregious or patently irrational application of the law is an award that should be set aside pursuant to [General Statutes] § 52-418 (a) (4)[6] because the arbitrator has 'exceeded [his] powers

---

without danger. This provision shall not apply to funeral processions or to motor vehicles under official escort or traveling under a special permit.

"(d) Violation of any of the provisions of this section shall be an infraction, provided any person operating a commercial vehicle combination in violation of any such provision shall have committed a violation and shall be fined not less than one hundred dollars nor more than one hundred fifty dollars."

[5] See *Wrinn* v. *State,* 35 Conn. App. 464, 646 A.2d 869, aff'd, 234 Conn. 401, 661 A.2d 1034 (1995).

[6] General Statutes § 52-418 provides in relevant part: "VACATING AWARD. (a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.' We emphasize, however, that the 'manifest disregard of the law' ground for vacating an arbitration award is narrow and should be reserved for circumstances of an arbitrator's extraordinary lack of fidelity to established legal principles." *Garrity* v. *McCaskey*, 223 Conn. 1, 10, 612 A.2d 742 (1992).

On the basis of our decision in *Wrinn* v. *State*, 234 Conn. 401, 661 A.2d 1034 (1995), it is clear that, in deciding this voluntary arbitration claim, the arbitrators did not manifest an egregious or patently irrational application of the law to those facts, and they did not exhibit an extraordinary lack of fidelity to established legal principles. Their award, therefore, was not subject to being vacated under § 52-418 (a) (4).

The judgment is reversed and the case is remanded with direction to deny the application to vacate the award.