[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON (1) MOTION TO SET ASIDE THE VERDICT#114 — FILED 1/22/96) (2) SUPPLEMENTAL MOTION TO SET ASIDE THE VERDICT(FILED 2/9/96 AND (3) MEMORANDUM IN OPPOSITION TO MOTION TO SET ASIDETHE VERDICT (FILED 2/9/96)
The jury returned a verdict for the defendant at 2:12 P.M. on January 16, 1996.
The evidence supports the conclusion that defendant, as alleged by plaintiff, was operating his vehicle in a westbound direction directly to the rear of the vehicle operated by the plaintiff. The defendant collided with the rear end of the plaintiff's vehicle. I Plaintiff alleges the defendant's "negligence and carelessness" caused the plaintiff's injuries and damages.
The complaint alleges six paragraphs of claims of common law negligence and one paragraph stating a claim of statutory negligence, i.e. C.G.S. § 14-240(a). The complaint recites that defendant was negligent and careless in any one of the "ways (recited) or combinations thereof."
Defendant's special defense alleged "said injuries or damages were proximately caused by the plaintiff's own negligence . . . in that he suddenly slowed or stopped his vehicle without giving any warning of his intention to do so and when it was not prudent to do so."
Plaintiff denied the allegations of the special defense. The issues for the jury were defined by the pleadings. The attorneys for the parties took part in the "charge conference" and had opportunities to except to any part of the charge as delivered. CT Page 1401-AAA
Sections 52-572(h)(a), (b) and (c) C.G.S. define "Negligence actions" and use the following phrases "comparative negligence", "contributory negligence" and "combined negligence" under the generic terms "negligence actions".
 "A serious constitutional issue can be raised by setting aside a verdict of the jury. In a case such as this, `[l]itigants have a constitutional right to have issues of fact decided by the jury.' (citation omitted) `The right to a jury trial is fundamental in our judicial system, and this court has said that the right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of a trial by jury includes the right to have issues of fact as to which there is room for reasonable difference of opinion among fair-minded men passed upon by the jury and not by the court."
 "In order to determine whether the verdict should be set aside, the evidential underpinnings of the verdict itself must be examined." Barbieri v. Taylor, 37 Conn. Sup. 1 (1980).
Defendant's exhibits 2, 3 and 4 depict and portray the physical damage to the plaintiff's vehicle as a result of this rear-end collision. The jury's examination of these "evidence underpinnings" together with the credibility factor the jury awarded plaintiff's testimony, his post accident conduct in seeking medical treatment, his working history post accident, and his overall candor and demeanor, presented to the jury intangible "evidential underpinnings" to be derived from his testimony. None of these considerations can be evaluated by the court to second-guess the jury's verdict for the defendant.
Again, from the "evidential underpinnings" that the plaintiff expressed, in that he was not injured and that there was no need to call the police, the jury was entitled to draw whatever logical inference they may or may not have drawn.
The "evidential underpinnings" provided the jury a reasonable basis for the verdict for this defendant. The proximate cause or substantial factor of defendant's claimed injuries and losses was the provence of the jury.
A general verdict such as was returned for the defendant in this case imports that each claim or defense has been decided in CT Page 1401-BBB favor of the defendant. Pederson v. Vahidy, 209 Conn. 510, 512
(1989); Fenley v. Aetna Life Casualty, 202 Conn. 190, 202
(1987).
1.
Plaintiff cites Wrinn v. State, 234 Conn. 401 (1995), to attack the application of C.G.S. § 15-240(a), as alleged in the complaint, claiming that the defendant failed to produce any evidence showing any mitigating factors which would have raised factual questions for the jury.
When asked "What happened when you were crossing the bridge that day?", plaintiff responded-"It was, I was almost to the end of the bridge, you know, what I — what I felt was a bang on the back of the car and that's it. I pulled over and I stopped the car and I go — try to go outside of the car and yell to the car, I said `Now, what happened?"'
On cross examination, plaintiff was asked
 "When this accident happened, were you moving or were you stopped?
A. I stopped.
 Q. But, before the accident happened were you still moving or were you stopped at a traffic light?
A. There was no light.
Q. There was no light?
A. No.
Q. So, you weren't stopped?
A. I stopped — I stopped the car.
Q. Before or after the accident?
A. After the accident.
Q. Okay so, before the accident you weren't stopped? CT Page 1401-CCC
A. No."
At this point paragraph 1 of the complaint was submitted as a prior inconsistent statement that alleges plaintiff "was stopped at a traffic light." Plaintiff testified that "there was no stop sign" or "traffic light" at the end of the bridge "and that he was `not stopped at a traffic light.'" His testimony on cross examination relative to movement and speed contradicts the allegations of paragraph 1 of the complaint.
This evidential testimony and exhibits 1, 2 and 3 present "evidential underpinning" that the plaintiff was almost "to the end of the bridge . . . felt a bang on the back of the car . . . pulled over and . . . stopped the car."
The jury reasonably could find that the two vehicles were simultaneously in motion, one traveling behind the other on the bridge when the plaintiff felt the bang on the back of his vehicle and pulled over.
2.
Plaintiff's next claim is that the jury could not fairly reach the conclusion it did upon the evidence presented to it. That's what juries are for: (1) to determine fault and (2) when warranted, to approximate fairly and reasonably, without emotion or sympathy or revenge or any other motive; just simply and reasonably assess damages that were proximately caused by the accident.
This general verdict in favor of the plaintiff finds support in the "evidential underpinnings". The credibility factor was for the jury.
3. AND 4. ARE DISCUSSED ABOVE
 5.
Plaintiff concludes that the jury deliberated for such a limited period of time that they were unduly influenced and prejudiced against the plaintiff. The other side of that coin may have been that the jury did not consider the claims of the plaintiff upon the same scale of credibility as plaintiff desired. CT Page 1401-DDD
6.
The final claim or reason for setting aside the verdict for the defendant is based upon the theory that plaintiff presented prima facie evidence to show that the negligence of the defendant was the sole proximate cause of plaintiff's injuries coupled with the defendant's failure to show any contribution or combined negligence of the plaintiff.
This conclusion of plaintiff invades the province of the jury to find the facts. The jury was never instructed on "sole proximate cause". The jury was instructed without exception on a proximate cause or a substantial factor. The weight the jury awarded plaintiff's claims or injuries and/or fault is beyond the province of this court. The jury could reasonably have found that the defendant's conduct was not a substantial factor in producing the plaintiff's alleged injuries and claimed losses.
Motions denied.
John N. Reynolds State Trial Referee