**Jorge CARNERO, Plaintiff,**

v.

**Kimberly DEITERT, Defendant.**

**No. Civ.A. 94–838 JCL.**

United States District Court, D. New Jersey.

June 26, 1996.

Johnathan Seplowe, Law Offices of Michael A. Cervini, Jackson Heights, NY, for Plaintiff.

William J. Riina, Wilson, Elser, Moskowitz, Edelman & Dicker, Newark, NJ, for Defendant.

## OPINION

LIFLAND, District Judge.

Rarely is a judge confronted with a paradigmatic case for the application of the doctrine of judicial estoppel. The extraordinary facts of this case, where defendant has admitted to lying in order to manipulate the legal process, present just such a situation.

*Facts*

On March 1, 1992, in South Brunswick, New Jersey, plaintiff, Jorge Carnero, was rear-ended in his automobile by a truck rented by defendant Kimberly Deitert. Plaintiff originally sued Budget Rent-a-Car and Dei-

tert in New York. By stipulation, that case was dismissed against Deitert without prejudice on June 8, 1993. Subsequently, on February 22, 1994, plaintiff filed a complaint against Deitert with this Court, claiming negligence and seeking damages.

At the time of the accident, defendant Deitert told the police that she had been driving the truck that struck plaintiff's vehicle. She pled guilty in the Municipal Court to careless driving and paid a $50.00 fine. Seplowe Aff.Ex. G. She also indicated to her rental car company that she had been driving the truck and that Richard Hoelzel had been a passenger at the time of the accident. *Id.* Ex. D. In connection with a motion before the New York court, Deitert averred by affidavit on January 25, 1993 that she was operating the rental truck at the time of the accident. *Id.* Ex. F, Affidavit of Kimberly Deitert, January 25, 1993, ¶ 5. Her Answer to the New York complaint also admitted that she had been operating the truck. *Id.* Ex. A. However, her Answer to the Complaint filed in this action denies that she was the driver. Answer at ¶ 5.

On February 24, 1995, in a letter to the Middlesex County Arbitration Administrator in connection with a related case to which plaintiff here is not a party, which letter was copied to Carnero's counsel, counsel for defendant Deitert stated that "Kimberly Deitert has advised this office that she was not driving the truck, which was rented from Budget Rent–A–Car, and Richard Hoelzel was driving." Def.Ex. 1. At her deposition on September 19, 1995, Deitert also denied that she had been driving the truck. She claimed that she had lied about being the driver in order to protect her boyfriend, Richard Hoelzel, who had been driving without a license or authorization in the rental agreement. Seplowe Aff.Ex. F at 20–21. Deitert has submitted an affidavit from Richard Hoelzel stating that he was driving at the time of the accident. Def.Ex. 2. He avers: "After the accidence [sic], I pulled the Isuzu over to the side of the road and Ms. Deitert and I exchanged positions in the vehicle before anyone noticed. As I was not a registered driver nor was I authorized to drive

the Isuzu pursuant to the rental agreement, we exchanged positions." *Id.* This affidavit does not provide Hoelzel's address and is not notarized. Furthermore, the original has not been filed with the Court.

Carnero now moves for summary judgment as to liability. He argues that Deitert should be judicially estopped from claiming that she was not driving the truck at the time of the accident. Carnero contends that, in light of Deitert's plea of guilty to careless driving and her New York affidavit and Answer, she should be found liable for negligence as a matter of law and summary judgment on liability should be entered in Carnero's favor. For the reasons set forth below, the Court agrees and will grant summary judgment against Deitert on liability.

### Discussion

*Estoppel*

■ Over a three-year period, Deitert repeatedly stated, and swore, that she had been driving the truck at the time it struck plaintiff's car. Now she wishes to change her story, purportedly to make right her previous, and successful,[1] attempt at fraud. By her own admission, Deitert's sole motivation was to mislead the Municipal Court and the New York District Court as to her true role (and the true role of Hoelzel) in the accident. Applying the doctrine of judicial estoppel, the Court will not permit Deitert to change her story.

■ The Third Circuit recently elaborated upon the contours of judicial estoppel in *Ryan Operations G.P. v. Santiam–Midwest Lumber Co.,* 81 F.3d 355 (3d Cir.1996). The court presented the general purpose of the doctrine as follows:

> Judicial estoppel, sometimes called the "doctrine against the assertion of inconsistent positions," is a judge-made doctrine that seeks to prevent a litigant from asserting a position inconsistent with one that she has previously asserted in the same or in a previous proceeding. It is not intended to eliminate all inconsistencies, however slight or inadvertent; rather, it is designed to prevent litigants from

---

1. Hoelzel has not been charged with careless

driving, and Budget Rent–A–Car has settled.

"playing 'fast and loose with the courts.'" *Scarano v. Central R. Co. of New Jersey,* 203 F.2d 510, 513 (3d Cir.1953) (citation omitted).

*Id.* at 358. The doctrine is applicable whenever a party (1) has asserted inconsistent positions (2) in bad faith, i.e. with the intent to play fast and loose with the court. *Id.* at 361. The party against whom the estoppel is asserted need not have benefited by his or her earlier position. *Id.* However, "application of the doctrine of judicial estoppel is particularly appropriate in situations ... where the party benefitted from its original position." *Delgrosso v. Spang and Co.,* 903 F.2d 234, 242 (3d Cir.), *cert. denied,* 498 U.S. 967, 111 S.Ct. 428, 112 L.Ed.2d 412 (1990).

In this case, Deitert claims that she lied in order to protect Hoelzel from the legal consequences of his actions. Seplowe Aff, Ex. F at 22. Her only explanation for her change of story appears in her brief: "Ms. Deitert's conscience prevented her from continuing with this fabrication ..." Def.Br. at 3.[2] Deitert admits that she made her previous statements in bad faith: she intended to deceive plaintiff Carnero, her rental car company, the police, the Municipal Court and the New York District Court. Her papers attempt to paint a picture of misguided altruism towards Hoelzel, whose immediate, self-centered comment after the injury-causing accident was: "I'm screwed." Seplowe Aff.Ex. F at 64.

Deitert's counsel argues that Carnero should be charged with constructive knowledge that Hoelzel was driving the truck, even though Hoelzel claims that no one noticed the exchange of positions. This ignores that fact that in order to obtain this knowledge Carnero, immediately after the impact of the accident, would have had to turn around and take notice of the truck's driver. One imagines that Carnero may have been more concerned at that moment with the condition of his passengers and himself. The Court certainly will not penalize Carnero for failing to check the identity of the driver by charging him with constructive knowledge, especially when Deitert and Hoelzel claim to have intentionally hidden that identity.

It is hard to imagine a case where judicial estoppel is more appropriate. Deitert claims that years ago she made a calculated decision to deceive law enforcement authorities and the courts through ill-intentioned misrepresentations. Now, she seeks to avoid liability by claiming that she has suddenly been moved by pangs of conscience to change her story. The Court will not permit Deitert to "play fast and loose with the courts" in this manner. Therefore, the Court will estop Deitert from claiming that she was not operating the truck that collided with plaintiff Carnero's car on March 1, 1992.

■ The Court recognizes that by so ruling it eliminates a dispute of material fact that is normally to be resolved only by trial. However, the doctrine of judicial estoppel contemplates that courts will disallow a factual position offered by the estopped party, if that position creates a factual dispute through ill-intentioned self-contradiction.

*Summary Judgment*

Carnero seeks summary judgment, arguing that Deitert's guilty plea to careless driving establishes that she was negligent as a matter of law.

Rule 56(c) of the Federal Rules of Civil Procedure directs a district court to grant summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The burden of showing that no genuine issue of material fact exists rests initially with the moving party. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party shows that there is an absence of evidence to support the non-moving party's case, the burden shifts to the non-moving party to "set forth

---

**2.** At oral argument, it appeared that Hoelzel is no longer Deitert's boyfriend. That fact, plus Deitert's concern for her own positive liability in this case, suggest possible additional reasons for her change of story. However, those reasons do not matter; it is enough for application of judicial estoppel that Deitert took a blatantly inconsistent factual position in earlier proceedings.

specific facts showing that there is a genuine issue for trial ." *Fed.R.Civ.P.* 56(e); *Celotex,* 477 U.S. at 323–25, 106 S.Ct. 2548; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The non-moving party may establish that the case presents a genuine issue for trial by showing that there is sufficient evidence favoring the non-moving party to enable a reasonable fact finder to return a verdict in that party's favor. *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505. In evaluating a motion for summary judgment, the court must view the facts, and the reasonable inferences therefrom, in the light most favorable to the non-moving party. *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir.1976), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). In this case, because of the estoppel, the identity of the driver need not be resolved by a fact finder. Judicial estoppel requires that the actions taken by the driver of the truck be attributed to Deitert.

■ New Jersey law is crystal clear that where a defendant has violated the careless driving statute, that defendant has been negligent: "A violation of the careless driving statute was not merely evidence of negligence: it was negligence." *Eaton v. Eaton,* 226 N.J.Super. 62, 66, 543 A.2d 485 (N.J.Super.Ct.App.Div.1988), *aff'd* 119 N.J. 628, 575 A.2d 858 (1990). This rule derives from the New Jersey Supreme Court's ruling in *Dolson v. Anastasia,* 55 N.J. 2, 10–11, 258 A.2d 706 (1969), that "[t]he driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of the preceding vehicle and the traffic upon, and condition of, the highway." "Failure to do so resulting in a collision is negligence and a jury should be so instructed." *Eaton,* 226 N.J.Super. at 66–67, 543 A.2d 485. Where a driver has pled guilty to careless driving, summary judgment in favor of plaintiff on the issue of liability is appropriate. *See Rush v. Guggenheim,* 1993 WL 235624 at *2 (D.N.J.1993) (granting summary judgment based on *Eaton:* "In the instant case, defendant was issued a summons and was found guilty of careless driving ... Therefore, the defendant's violation of this careless-driving statute constitutes negligence as a matter of law.")

Defendant argues that the *per se* negligence rule derived from *Dolson* is not applicable to this case. Defendant relies on *La Mandri v. Carr,* 148 N.J.Super. 566, 372 A.2d 1327 (N.J.Super.Ct.App.Div.1977). In *La Mandri,* defendant's car spun out of control on the highway. Although plaintiff attempted to get out of defendant's way, defendant's car swerved in front of plaintiff's car and its rear struck defendant's front end. Defendant admitted negligence, but the issue of plaintiff's contributory negligence was presented to a jury. The trial judge instructed the jury to consider whether or not plaintiff had violated the careless driving statute and would thereby be *per se* contributorily negligent. The Appellate Division held that this instruction was error:

> We think that the section of the Motor Vehicle Law in controversy was not intended to apply indiscriminately to any case in which the front of one vehicle comes into contact with the rear of another, irrespective of how the collision occurred ... [I]t seems clear that the essence of the asserted negligence, to justify involving the statute, must be a motorist's alleged failure to maintain a reasonably safe distance behind another vehicle in the same lane of traffic.

*La Mandri,* 148 N.J.Super. at 571–72, 372 A.2d 1327.

This case is different from *La Mandri* in two important ways. First, plaintiff there (whose contributory negligence was in question) had neither been charged with nor admitted to violating the careless driving statute. Secondly, it was undisputed in *La Mandri* that defendant's car spun backwards into plaintiff, thus causing the "rear-end" accident. It was not a case where a car hit the car travelling in front of it. Although Deitert tries to squeeze her facts into those of *La Mandri* by asserting in her brief that Carnero swerved in front of her causing the accident, her deposition testimony, detailed below, does not support this claim and does not disagree with Carnero's account of the collision.

At deposition,[3] Deitert testified that when Carnero's car pulled in front of her, there was "maybe a car length" between her truck and Carnero's car. *Id.* at 52. She did not state that Carnero swerved, cut in front of the truck, or otherwise provoked the accident by changing lanes. At the time Carnero moved into the right-hand lane, both cars were travelling down a moderate hill towards a traffic signal: "We were already starting to go down the hill and the—it was not that far because right before the light is the hill and we were already starting to go down the hill." *Id.* As they approached the light, it turned yellow. *Id.* Two cars in front of Carnero went through the light, but Carnero stopped. *Id.* at 53–54.

Deitert argues in her brief that Carnero caused the accident by cutting Deitert's truck off in the traffic. However, her testimony at deposition indicates that Carnero moved into the traffic in front of her truck *before* coming to the light and that the brakes were not applied nor did the accident occur until after Carnero had stopped at the yellow light. For instance, Deitert testified that after she saw Carnero's car come in front of the truck she turned her head and looked out the side window. *Id.* at 57–58. This does not suggest that the accident commenced with the lane change. Carnero testified that she did not look back out the front of the truck until she felt Hoelzel slam on the brakes. *Id.* She also testified that Carnero's car had come to a complete stop before the brakes were applied:

Q: When you looked back for the second time and you saw the car when he slammed on the brakes, was the car in front of you completely stopped or still moving?

A: "No. It was completely stopped."

Thus defendant's testimony, even read in the light most favorable to her, demonstrates that the accident occurred *not* when Carnero pulled in front of the truck, but some moments thereafter, when Carnero stopped at the traffic light.

This testimony does not conflict with Carnero's affidavit. Carnero avers that he had slowed down and stopped completely for a red light before the collision. Ex. C ¶ 5. "A few moments after I stopped I felt a very heavy impact in the rear of my vehicle." *Id.* ¶ 6. Carnero also asserts: "I did not stop my car short or suddenly at the intersection. My side and rear view mirrors were operational and there were no obstructions in my rear window." *Id.* ¶ 9.

In an attempt to avoid the effect of her deposition testimony, defendant argues in her brief: "Ms. Deitert really doesn't have a comprehensive or clear memory of the accident . . . Thus any description of why or how the vehicle was traveling before the accident or struck Plaintiff's should be obtained from the person with superior knowledge, the driver." However, at deposition, Deitert testified that at the time of the accident:

I was paying attention and then I was, you know, it was hard, I was looking out of the window and when everything happened, of course I looked forward and saw everything happen at once basically.

Seplowe Aff.Ex. F at 51. Deitert's plain statements that she "was paying attention" and "saw everything happen" clearly contradict the unsupported claim that her recollection of the accident was so vague as to render her deposition testimony unreliable. Counsel seems to disregard the significance of Deitert's sworn statements.

Furthermore, Deitert cannot base her summary judgment opposition on mere argument and speculation as to what Hoelzel's testimony might reveal. *Fed.R.Civ.P.* 56(c) clearly commands that once the moving party has demonstrated an absence of dispute of material fact, the opposing party must "set forth specific facts showing that there is a genuine issue for trial." *Fed.R.Civ.P.* 56(e); *Celotex,* 477 U.S. at 323–25, 106 S.Ct. 2548; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If Deitert wished this Court to consider Hoelzel's version of the facts, she

---

**3.** At deposition, Deitert testified that Hoelzel was the driver of the truck, and her testimony is given from the perspective of a passenger. As Deitert is estopped from claiming that she was not driving the car herself, the Court considers her testimony only to the extent that it reveals the movements of the vehicles before they collided.

**446**

should have brought it before the Court rather than simply pointing a finger at plaintiff. Indeed, after claiming for three years that Hoelzel was merely a passenger in the car, during which time his whereabouts may have become unknown, it is amazing that Deitert argues to the Court that plaintiff has been remiss by not seeking out Hoelzel's version of the facts.

The record, consisting exclusively of Deitert's deposition and Carnero's affidavit, demonstrates no dispute as to the fact that Carnero did not "cut-off" defendant's truck and that the accident occurred after Carnero brought his vehicle to a complete stop at the light, after which the truck's driver hit the brakes and the truck skidded forcefully into Carnero's car. Nothing in the record suggests that this was not a tailgating accident, falling squarely within the *Eaton v. Eaton per se* negligence rule.

On this record, Deitert has failed to demonstrate a dispute of fact material to her negligence. Nor does the record demonstrate any facts material to contributory negligence on plaintiff's part. N.J.S .A. § 2A:15–5.1. Therefore, summary judgment will enter in favor of plaintiff as to Deitert's liability.