[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION FOR SUMMARY JUDGMENT)
The plaintiff, Pam O'Neill, Guardian of the Estate of Tanya Maiorino, a minor, filed an Amended Complaint in which it is alleged that the minor was a passenger in a vehicle owned and operated by her mother, Nunziata Maiorino, when her mother's vehicle collided with the rear of the defendant McLaughlin's vehicle causing the minor plaintiff to sustain personal injuries.
In the First Count of the Amended Complaint, the minor plaintiff alleged her injuries were caused by the negligence of her mother, the defendant, Nunziata Maiorino. In the Second Count, the plaintiff alleges that her injuries were caused by the negligence of Sarah McLaughlin, who was operating a vehicle owned by her father, William McLaughlin, and therefore, he is liable to the plaintiff, pursuant to the family car doctrine. CT Page 14225
The defendants, Sarah and William McLaughlin, have filed a motion for summary judgment as to the plaintiff's complaint, on the ground that there is no question of fact that they are not liable as a matter of law.
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski, 206 Conn. 495,500 (1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Hertz Corp. v. Federal Ins. Co., supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. Dickmont Plastics Corp., 229 Conn. 99
(1994).
The defendants, McLaughlin, argue that they are not liable to the plaintiff as a matter of law because the allegations in the complaint require the defendants' car to be moving. The defendants also argue that they are not liable because the defendant, Sarah McLaughlin, did not negligently stop her vehicle "suddenly and without warning", in violation of Connecticut General Statutes § 14-242 (c)" as alleged by the plaintiff.
The court has read the deposition testimony provided by the parties in each of their legal memorandums of law, and the exhibits, which include a police report, sworn affidavit of Sarah McLaughlin, and a copy of the Amended Complaint. Obviously, the accounts of the parties differ as to the facts relating to the events surrounding this collision.
Whether or not the defendant, Sarah McLaughlin, stopped her vehicle suddenly and without warning is a question of fact for the trier of fact to decide. The court finds that the facts in Tolmazin v. Kautter, 1993 WL 456391 (Conn.Super., October 29, 1993, J. Sheldon) are not identical to this case as argued by the defendants, and consequently do not provide sufficient support for this motion, as argued by the plaintiff. The same holds true to the defendants' citation of Bogart v. Castlevetro, 1995 WL 574781 (Conn.Super. 1995)
The deposition transcript provides an insufficient basis for a summary judgment because it does not resolve the mixed question of fact and law. CT Page 14226 To satisfy the burden of proof for summary judgment, the party moving for summary judgment must remove the issues of negligence and proximate cause from the field of conjecture or speculation. Fogarty v. Rashaw,193 Conn. 442, 446 (1984). A rear-end collision, in itself, is not sufficient evidence of a duty and negligence. Wrinn v. State,234 Conn. 401, 405 n. 4 (1995)
Accordingly, the motion for summary judgment is denied.
The Court
 By ___________________ Arnold, J.