Nancy TISO, Plaintiff,

v.

Cynthia BLUMENTHAL et al., Defendants

No. 3:04CV47(JBA).

United States District Court, D. Connecticut.

May 18, 2005.

Eric D. Grayson, Greenwich, CT, for Plaintiff.

Charles E. Vermette, Jr., Litchfield Cavo, Avon, CT, Catherine S. Nietzel, Ryan, Ryan, Johnson & Deluca, James Justin Noonan, Hume & Associates, Stamford, CT, for Defendants.

## RULING ON DEFENDANT BLUMENTHAL'S MOTION FOR SUMMARY JUDGMENT [DOC. # 28]

ARTERTON, District Judge.

In this action to recover for personal injuries sustained in a three vehicle rear-end collision on May 21, 2002 in Greenwich, Connecticut, defendant Blumenthal, the second vehicle in the line of collision, moves for summary judgment on the grounds that there is no evidence of any negligence on her part and that she was simply "in the wrong place, at the wrong time." Def. Mem. of Law [Doc. # 29] at 1.

It is undisputed that the driver of the car in which plaintiff was a passenger was stopped for a red light at the time the Tiso vehicle was rear-ended by defendant Blumenthal. It is further undisputed that Blumenthal's vehicle was at a complete stop immediately behind the Tiso vehicle before being rear-ended by defendant Bakogiannis' car. Def. L.R. 56(a)1 Stmt. [Doc. # 30] ¶¶ 2, 4, 5; Pl. L.R. 56(a)2 Stmt. [Doc. # 35] ¶¶ 2, 4, 5. Defendant Bakogiannis has admitted that she was negligent in operation of her car "by not paying proper attention to the operation and or progress of the automobile operated by defendant Blumenthal in that she failed to keep a safe and proper distance behind the defendant Blumenthal's vehicle and failed to stop before striking the vehicle in the rear." Bakogiannis's Amended Ans. [Doc. # 33] ¶ 17. Defendant Blumenthal states that she was approximately six feet behind plaintiff's vehicle; had her foot on her brake; and never moved her car between the time she stopped and the Bakogiannis vehicle struck her car. L.R. 56(a)1 Stmt. ¶ 5.

 Plaintiff claims that factual disputes requiring determination at trial exist with regard to the actual distance maintained between plaintiff's stopped vehicle and Blumenthal's "allegedly stopped vehicle" and "how and why defendant Blumenthal failed to avoid contact with plaintiff's vehicle," precluding determination on summary judgment. Pl. Mem. in Opp. at 2.

Specifically, plaintiff maintains that "Blumenthal's admitted collision with plaintiff's stopped vehicle in the rear establishes a prima facie case of negligence" under Conn. Gen.Stat. § 14–240. Pl. Mem. in Opp. at 3. Plaintiff points to the difference between Blumenthal's account of being six feet behind plaintiff, and the Greenwich Police report stating Blumenthal was stopped "directly" behind plaintiff. This evidentiary discrepancy, if indeed one even exists, does not create a triable issue of any breach of duty of care by Blumenthal because there is no evidence that Blumenthal was "following" plaintiff within the meaning of § 14–240 since it is undisputed that neither vehicle was in motion at the time of the collision.

■ Connecticut General Statutes § 14–240(a) provides: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." The Connecticut Supreme Court has held that "Section 14–240 is applicable to situations in which one motor vehicle is traveling behind another in the same lane of traffic." *Wrinn v. State*, 661 A.2d 1034, 1036, 234 Conn. 401, 406 (1995) (alteration and quotation marks omitted). Contrary to plaintiff's view, the mere occurrence of a rear-end collision is insufficient evidence of a breach of this statutory duty. *Id.* at 1037. Because there is no evidence that Blumenthal's vehicle was following plaintiff's at the time of the collision, the statutory purpose of preventing the "dangerous and pernicious practice of 'tailgating'" is not implicated. *Id.*

In the absence of any evidence that Blumenthal was in violation of this statute or was otherwise acting in breach of any recognized duty of care, the distance of her vehicle from plaintiff's is immaterial. In the absence of any genuine issue of material fact, defendant is entitled to summary judgment.

Accordingly, Defendant Blumenthal's Motion for Summary Judgment [Doc. # 28] is GRANTED.

IT IS SO ORDERED.