**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0444-18T4

CIRILLO GONZALEZ,

    Plaintiff-Appellant,

v.

HECTOR LOPEZ,

    Defendant-Respondent,

and

EVERLYNIA HUDSON,

    Defendant.

_____

> Argued July 23, 2019 – Decided August 30, 2019
>
> Before Judges Ostrer and Geiger.
>
> On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-0178-16.
>
> Paul D. Santangini argued the cause for appellant (Garber Law, PC, attorneys; Paul D. Santangini, on the briefs).

Peter J. Bonfiglio, IV, argued the cause for respondent (Law Office of Michael G. David, attorneys; Christopher A. Veara, of counsel and on the brief).

PER CURIAM

Plaintiff Cirillo Gonzalez appeals from the trial court's grant of summary judgment to defendant, Hector Lopez, dismissing with prejudice his automobile negligence complaint. We affirm.

We discern the following facts from the record, viewed in a light most favorable to plaintiff, as the non-moving party. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). Gonzalez was the front-seat passenger in a vehicle Lopez was driving. They were travelling in the middle of three lanes on U.S. 130 South in Pennsauken. It was shortly before noon in January. Two or three inches of snow had fallen earlier that morning. The snow was melting, the road was wet, and flurries had just started. Obeying the posted speed limit, Lopez approached the intersection with Richey Avenue, which meets the highway from an acute angle to the right. The intersection was unregulated on 130, and regulated by a stop-sign on Richey Avenue.

Gonzalez and Lopez both saw defendant Everlynia Hudson approach and enter the highway without stopping or slowing. Gonzalez said he screamed a warning, and Lopez said Gonzalez exclaimed "What's that lady doing?" Lopez

said he was about ten or fifteen feet from the intersection when Hudson's vehicle entered the highway. Gonzalez said most of Hudson's car had entered the middle lane. Just five or ten feet from Hudson's vehicle, Lopez slammed on his brakes. He said he had no time to swerve before hitting the rear of Hudson's car. Gonzalez suffered various injuries as a result.

Gonzalez alleged that Lopez negligently operated his vehicle, by failing to slow down upon seeing Hudson approach, and by failing to attempt evasive maneuvers. Lopez responded that Hudson was solely responsible for the collision; he had insufficient time to avoid the collision; and Gonzalez failed to present sufficient evidence to reach a jury on the question of his alleged negligence.

In granting summary judgment to defendant, Judge Donald J. Stein concluded that there were insufficient facts from which a jury could infer that Lopez was negligent. The judge noted that Lopez observed the speed limit. Hudson entered the intersection suddenly. And there was no basis to conclude that Lopez could have safely avoided the collision.

Gonzalez contends on appeal, citing Stackenwalt v. Washburn, 42 N.J. 15, 24-25 (1964), that a jury should decide the issue of Lopez's negligence. We acknowledge that generally, "[q]uestions of proper speed and control of a

vehicle are pre-eminently questions of fact for the jury to determine." Id. at 24. However, "[w]hen the evidence is so one-sided that one party must prevail as a matter of law, the trial court should not hesitate to grant summary judgment." Brill, 142 N.J. at 540 (citation omitted). Reviewing Judge Stein's judgment de novo, applying the same summary judgment standard as he did, Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 330 (2010) (describing standard of review), we agree that the evidence does not present "sufficient disagreement to require submission to a jury." Brill, 142 N.J. at 533.

Gonzalez must show more than the fact of an accident to establish negligence. See Universal Underwriters Grp. v. Heibel, 386 N.J. Super. 307, 321 (App. Div. 2006). Mere speculation is not enough. Shellhammer v. Lehigh Valley R. Co., 14 N.J. 341, 344 (1954). Although Lopez collided with the rear of Hudson's vehicle, this case does not present a typical rear-end collision in which a motorist followed another too closely. See La Mandri v. Carr, 148 N.J. Super. 566, 571-72 (App. Div. 1977) (distinguishing between collisions caused by "tailgating" and one where plaintiff swerved into defendant's path). Gonzalez contends that Lopez failed to exercise a reasonable degree of care by failing to brake in anticipation that Hudson would blow through the stop sign, and by failing to take evasive maneuvers. However, even assuming that Lopez noticed

4

that Hudson was approaching the intersection too fast to stop, Gonzalez failed to present evidence that Lopez had time to do anything about it. Lopez said without contradiction that he was a mere fifteen feet from the intersection when he spotted Hudson. No reasonable jury could conclude that Lopez – who was lawfully traveling at 40 mph, or fifty-nine feet per second – could have safely avoided Hudson had he tried to.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5                                                    A-0444-18T4